### PENNSYLVANIA R. CO. v. PALMER.

(Circuit Court of Appeals, Second Circuit. January 25, 1904.)

#### No. 65.

1. APPEAL—HARMLESS ERROR.

    Where a witness had testified to certain facts without objection, the admission of other evidence of like nature under objection was harmless.

2. SAME—OBJECTION—EXCEPTIONS.

    Where no objection or exception was taken to the introduction of evidence at the trial, it cannot be reviewed on appeal.

3. REQUEST TO CHARGE—INSTRUCTIONS ALREADY GIVEN.

    Where an instruction covers the whole law in reference to a matter, it is not error to refuse to charge particular circumstances in reference thereto.

**4. CARRIERS—EJECTION OF PASSENGER—DAMAGES—EXCESSIVENESS.**

Where an infirm passenger was wrongfully ejected from a train on a cold, wet day, and by reason thereof was taken sick, threatened with pneumonia, and contracted rheumatism, which thereafter settled in the stump of his leg, and his earning capacity was somewhat impaired, a verdict for $1,000 was not excessive.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon a writ of error by defendant below to review a judgment entered by the United States Circuit Court for the Southern District of New York upon a verdict in favor of the plaintiff below for $1,000 damages for having been ejected from the train of the defendant.

Henry G. Ward, for plaintiff in error.

Theodore B. Chancellor, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. Upon the argument of the assignments of error, the claim that the conductor was justified in ejecting the plaintiff was not pressed.

The facts in the case material to the disposition of the questions raised are as follows: The plaintiff originally purchased a ticket to Chester, Pa., and return. He stopped at Chester, and then purchased a ticket to Baltimore and return. He went to Baltimore, and, on the return trip to Chester, handed the conductor an envelope containing the two return tickets, and said he wished to stop at Chester. The conductor took the tickets and went away, and later returned the envelope with the ticket therein from Chester to Jersey City. By mistake, he had punched said ticket so as to indicate that it had been used between Chester and Philadelphia. Plaintiff stopped at Chester, and later took the train from there to return to Jersey City. The conductor refused to accept said ticket, and ejected the plaintiff from the train at Sharon Hill, a regular station on the line of the defendant.

In response to the question, "What did you do after you got off the train?" plaintiff testified as follows:

"I tried to get up to the station. It was up an incline. I can't quite remember—I have never been there since—how it was, but I had to go up a hill, like. A bridge ran over the railroad at that point, I remember. I goes to the station, and steps in, and asks this man if that ticket was good to Philadelphia, and he said, 'Yes.' I got up there the best I could, and I don't know how many times I fell down, going up there."

Counsel for the defendant objected to this evidence, which objection was overruled. Thereafter he moved to strike out said answer "if this testimony is to be used as an element of damage," which motion was denied, and an exception was duly taken.

Plaintiff further testified that, when the conductor threatened to throw him off the train, he told him he ought to be very careful, as he was not a very able-bodied man; that he was put off at a place 100 yards from the station; that it was a cold, nasty, sloppy day, some of the time raining and some of the time hailing, and that it took him 15 or 20 minutes to go from the point where he had been ejected to

the station; that he was sick in bed right afterwards, and was threatened with pneumonia; that he consulted a physician as soon as he could get him; and that he had the rheumatism. He also stated that at the time of the accident he had a wooden leg; that the rheumatism thereafter settled in the stump. No objection was made to the reception of this testimony, and no motion was made to strike it out. The only part of the answer objected to, which states what plaintiff did, was immaterial, in view of his other testimony admitted without objection. The court, in its charge, did not refer to said evidence as an element to be considered in assessing damages. Apparently, it was admitted in connection with the other evidence merely to show the character of the place, and the conditions there prevailing at the time when plaintiff was ejected, in order that the jury might determine whether or not defendant was justified in ejecting him there under such conditions.

Error is also assigned because of the admission of testimony by plaintiff in response to the question, "Will you tell us just what your income was during the year preceding this accident?" There is no foundation for this assignment, because the question was asked without objection, and no exception was taken to the answer. The other questions objected to, as to how many horses he would fix or attend to in the course of a year, were withdrawn, and were not answered.

The court charged the jury, inter alia, that, if the plaintiff was entitled to a verdict, they should award as damages—

"Such sum as will reasonably and fully compensate plaintiff for such physical pain as he suffered, if any, as the natural and probable consequence of the defendant's wrongful act; in addition thereto, such sum as will reasonably and fairly compensate him for such loss, if any, sustained by him in his business or profession by reason of his loss of earning capacity, and loss of ability to carry on and attend to his said business or profession, if such loss was the natural and probable result of defendant's wrongful act or acts. In considering the question of loss of earning capacity, or ability to conduct and carry on plaintiff's business, you may consider the evidence as to what plaintiff for a number of years just prior to his ejection from the train had earned—how much less he has been able to earn since that time—if you believe the evidence to have sustained that point."

The defendant requested the court to charge, and duly excepted to its refusal to charge, as follows:

"Even if the plaintiff caught cold or was taken ill with rheumatism, which settled in his stump, because of the weather prevailing at the time he was ejected from the train, these results are remote and consequential, and not the proximate results of the ejection, and the plaintiff cannot recover for them in this action."

The foregoing portions of the charge were not excepted to, and we perceive no ground on which an exception could have been sustained. They fully and fairly stated the elements to be considered. by the jury in determining the character of the damages for which compensation should be given, and the principles upon which the amount thereof should be determined. Each of said statements was qualified by the limitation that the injuries must be such as would naturally and probably result from defendant's wrongful acts.

The only question is whether the court was bound to make the further charge requested, that certain damages were too remote to be the subject of recovery in this action. Whether, under the circumstances, the court would have been justified in making the charge as requested by the plaintiff, we are not called upon to determine. Where the charge covers the whole law in reference to a matter, it is not error for the court to refuse to also charge particular circumstances in reference thereto.

"It is much the better practice to refuse to give instructions to the jury, the substance of which has already been stated in the general charge, than to repeat the same charge in different language, although the charge requested may be technically correct as an abstract proposition of law, for a multitude of instructions, all stated in different language and meaning the same thing, tends rather to confuse than to enlighten the minds of the jury." Erie Railroad Co. v. Winter's Adm'r, 143 U. S. 60, 75, 12 Sup. Ct. 356, 361, 36 L. Ed. 71.

Certainly, in view of all the facts, the damages awarded were not excessive, and might very properly have been awarded by the jury solely for the unquestioned elements of damage suggested in the charge of the court, such as the indignity and humiliation of the unlawful public expulsion, and the injury to plaintiff's feelings through the insulting language or conduct of defendant's servants, etc.

The assignment of error that the trial judge erred in refusing to charge that it was the duty of plaintiff to pay his fare need not be considered, as the testimony showed that he had not sufficient money with which to pay it.

The judgment is affirmed.