THE CHICAGO, KANSAS & NEBRASKA RAILWAY COMPANY v. M. M. MUNCIE.

No. 7845.

1. NEW TRIAL—*Findings against Evidence.* Where special findings of a jury upon matters that are material to the controversy are contrary to the testimony given in the case, the general verdict, upon application therefor, should be set aside and a new trial granted.

2. DEFENSE, *not Employed by Defendant—Evidence.* Where the defense in an action to recover for personal injuries alleged to have resulted through the negligence of an employer is that plaintiff was not in the service of the defendant, but was employed by another, testimony that plaintiff had previously brought an action against such other employer to recover for the same injury is admissible.

*Error from Doniphan District Court.*

ACTION by M. M. Muncie against The Chicago, Kansas & Nebraska Railway Company to recover damages for personal injuries. Judgment was rendered for plaintiff. The defendant brings the case here. The opinion states the facts.

*M. A. Low*, and *W. F. Evans*, for plaintiff in error.
*A. Perry*, and *F. W. Raymond*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an an action by M. M. Muncie against The Chicago, Kansas & Nebraska

Railway Company to recover damages alleged to have been sustained by him in October, 1887. He was employed in procuring and preparing stone to be used as ballast upon the track of the railway. In returning from their work the men rode upon hand-cars, and the car immediately in front of the one on which Muncie was riding was stopped so suddenly that a collision resulted, and he alleges that he was thrown against the lever of the hand-car on which he was riding with great force, so as to rupture and otherwise injure him. One of the contentions of the railway company was that Muncie was not working for that company, but that long prior to that time the railway had been leased to and was being operated by the St. Joseph & Iowa Railroad Company. While Muncie testified that he was working for the Chicago, Kansas & Nebraska Railway Company, he explained that all he knew concerning the matter was that he was working upon a railroad of that name, and he admitted that the pay-checks which he received for his labor had printed thereon the statement that the St. Joseph & Iowa Railroad Company was the lessee of the Chicago, Kansas & Nebraska railway. Other of the workmen gave evidence of a similar character. The foreman who employed them, and under whose supervision they worked, testified that they were in the service of the St. Joseph & Iowa Railroad Company. The lease itself was introduced in evidence, and it purports to have been executed May 15, 1887. The officers of both companies testified that the St. Joseph & Iowa Railroad Company took possession of the railroad under the lease on June 1, 1887, and continued to operate it until after the alleged injury, and that Muncie and all others of the employees engaged on that part of the

railroad were in the service of the St. Joseph & Iowa
Railroad Company during the entire month of Octo-
ber, 1887. There is no dispute as to the making of
the lease, and practically none as to the operation of
the railroad by the lessee from June 1, 1887, until
after the occurrence of the injury. The trial court in-
structed the jury that the lease was a valid and bind-
ing contract between the companies, and that if the
evidence showed that the railroad was operated by
the St. Joseph & Iowa Railroad Company at the time
of the injury, and that Muncie and the men with
whom he was working were engaged in the service of
that company, the verdict must be for the defendant
company. Upon the evidence, the jury answered cer-
tain special questions as follows :

"Ques. Did the defendant lease its railroad line,
depots, side-tracks, spurs, and siding, in Doniphan
county, Kansas, to the St. Joseph & Iowa Railroad
Company in the month of May, 1887? Ans. No.

"Q. Did the St. Joseph & Iowa Railroad Company
take possession of the railroad lines of the defendant
in Doniphan county in the month of June, 1887, and
operate the same under the lease offered in evidence
in this case? A. No.

"Q. Was the St. Joseph & Iowa Railroad Com-
pany operating the defendant's road in Doniphan
county in October, 1887? A. No."

It is plain that these questions are not answered
fairly, nor in accordance with the testimony. The
questions incorrectly answered relate to a leading de-
fense, and the facts involved in them were material to
the controversy. For some reason the jury ignored
undisputed evidence, and their findings indicate that
the verdict was not the result of a fair consideration
of the evidence, and that the defendant did not have
an impartial trial.

An objection was sustained to a question propounded to Muncie as to whether he had not previously brought an action against the St. Joseph & Iowa Railroad Company in another county to recover for the same injuries. In view of the defense that was made, we think the question should have been allowed. If Muncie had made an oral statement that he was injured while in the employ of the St. Joseph & Iowa Railroad Company, it would have been competent testimony, and the deliberate act of the plaintiff in bringing an action against that company for the same injury is no less material and competent.

For the errors mentioned the judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.