[No. 1279, August 9, 1910.]

## LEVI R. THOMPSON, Appellee, v. ALBUQUERQUE TRACTION COMPANY, Appellant.

### SYLLABUS (BY THE COURT.)

1. An instruction to the effect that, "in the absence of any provision of law regulating the speed at which a street car may be run or operated, those who operate it are bound by the same rule of due care which governs others using vehicles in the public streets; that is when, as in this case, the street car was operated in a public street," correctly states the law applicable to the facts in this case and is not subject to an objection of uncertainty and indefiniteness.

2. "The right of the railway in the street is only an easement to use the highway in common with the public. It has no exclusive right to travel upon its track, and it is bound to use the same care in preventing a collision as is the driver of a wagon or other vehicle."

3. When a jury, in answering special interrogatories submitted to them at the request of the defendant, which interrogatories call for answers upon material facts in issue in the case, disregard the evidence in the case, and in answer to such interrogatories find a fact or facts wholly unsupported by the pleadings or the evidence, it cannot be presumed, in view of such answers, that the defendant had a fair and impartial trial.

4. Special findings, in order to support a general verdict, must correspond to the proofs and be within the pleadings.

5. "Although the general rule is that even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident; yet the contributory negligence on his part would not exonerate the defendant, and disentitle the plaintiff from recovering, if it be shown that the defendant might by the exercise of reasonable care and

prudence have avoided the consequences of plaintiff's negligence."

.6.  The facts, and the inferences to be drawn therefrom, with reference to the contributory negligence of the plaintiff being doubtful, the question of proximate cause of the accident and the reasonable care of the defendant should be submitted to the jury for their determination under proper instructions from the court according to the circumstances of the case.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice.    Reversed and remanded.

A. B. McMILLEN for Appellant.

The mere fact of killing or injury does not constitute any presumption of negligence.    The specified negligent act complained of must be proved by the plaintiff.    A. T. & S. F. Ry. Co. v. Walton, 3 N. M. 541; Jones on Ev., sec. 181, p. 393; Pollock on Torts, star p. 360; Savannah, etc., Ry. Co. v. Geiger, 21 Fla. 669; Chicago, etc., Ry. Co. v. Patchin, 16 Ill. 198; Great Western Ry. Co. v. Morthland, 30 Ill. 451; Indianapolis, etc., Ry. Co. v. Means, 14 Ind. 34; Perkins v. Eastern Ry. Co., 29 Me. 307, 50 A. D. 589; Locke v. St. Paul, etc., Ry. Co., 15 Minn. 350; Brown v. Hannibal, etc., Ry. Co., 33 Mo. 309; Burlington, etc., Ry. Co. v. Wendt, 12 Neb. 76; Wash v. Virginia, etc., Ry. Co., 8 Nev. 110; Terry v. N. Y. Cent., 22 Barb. 575; Pittsburgh, etc., Ry. Co. v. McMillan, 37 O. S. 554; Pittsburgh, etc., Ry. Co. v. Heiskell, 38 O. S. 666; Lyndsay v. Conn., etc., Ry. Co., 27 Vt. 643; Orange, etc., Ry. Co. v. Miles, 76 Va. 773.

When facts are undisputed or clearly preponderant negligence is a question of law.    Central, etc., Ry. Co. v. Lawrence, 13 Ohio St. 66; Wallace v. St. Louis, etc., Ry. Co., 74 Mo. 594; Southern Pac. Ry. Co. v. Poole, 160 U. S. 440; Dist. of Columbia v. Moulton, 182 U. S. 579; Baltimore, etc., R. R. Co. v. Griffith, 159 U. S. 611; Texas,

etc., Ry. v. Gentry, 163 U. S. 368; Grand Trunk, etc., Ry. Co. v. Ives, 144 U. S. 417; Gardner v. Michigan Cent. Ry., 150 U. S. 361; Randolph v. Baltimore, etc., Ry., 109 U. S. 482; Blount v. Grand Trunk Ry. Co., 61 Fed. 375; Toledo, etc., Ry. Co. v. Barlowe, 71 Ill. 640; Plaster v. Illinois, etc., Ry. Co., 35 Ia. 449; Lafayette, etc., Ry. Co. v. Shriner, 6 Ind. 141.

While the special finding of the jury was not inconsistent with the general verdict, yet there was no evidence to support the special finding, and therefore no evidence to support the general verdict. Morrow v. County, 21 Kas. 352; A., T. & S. F. Ry. Co. v. McCandliss, 6 Pac. 587-590; Kas. Pac. Ry. Co. v. Peavy, 8 Pac. 780.

Wherever cattle are prohibited from running at large the owner is guilty of contributory negligence when they are injured while at large through his fault. Railroad Co. v. Skinner, 19 Pa. State 298; 59 Am. Dec. 654, and note; Tonawanda Ry. Co. v. Munger, 5 Denio 255, 49 Am. Dec. 239, and note, 4 N. Y. 349, 53 Am. Dec. 384; Central, etc., Ry. Co. v. Lea, 20 Kas. 353; Van Horn v. Burlington, 63 Ia. 57; 29 Cyc. 507; Williamson v. Barnett, 13 Howard 109; Ry. v. Pollard, 22 Wallace 347; Ry. v. Jones, 95 U. S. 452; Beach, on Contributory Negligence, secs. 14, 35; Dyerson v. Union P. R. R. Co., 7 L. R. A., N. S. 132; 55 L. R. A. 418; Smith v. Norfolk & S. R. Co., 114 N. C. 728, 25 L. R. A. 287, 19 S. E. 863, 923; Drown v. Northern Ohio Traction Co., Ohio, 81 N. E. 326; 10 L. R. A., N. S., 421, 424, 425; Damonte v. Patton, La., 8 L. R. A. 209.

A general denial and a plea of contributory negligence do not constitute inconsistent defenses. 29 Cyc. 582 and cases cited.

By the weight of authority a violation of a statute or ordinance imposed under the police power of the state is negligence per se. In all other cases it is held to be *prima facie* negligence. 29 Cyc. 436, 437 and cases cited; 2 Am. & Eng. Enc. of Law 363; Spring Co. v. Edgar, 99 U. S. 654; Kotila v. Houghton, Mich., 96 N. W. 437; Jewett v. Gage, 55 Me. 538; 92 Am. Dec. 615; Shipley v. Colclough, 81 Mich. 624; 21 A. S. R. 546; Bott v. Pratt,

33 Minn. 323; 53 A. S. R. 47; Fallin v. O'Brien, 12 R. I
518; 34 A. R. 713, 715; Marshland v. Murray, 148 Mass.
91; 12 A. S. R. 520; Mosier, et ux v. Beale, 43 Fed. 358;
Hardiman v. Wholley, 70 A. S. R. 292.

The evidence in a negligence case must be limited to
the issues made by the pleadings, and a different cause of
the injury than the one alleged cannot be proved; nor will
a special finding not supported by the pleadings uphold the
verdict. 29 Cyc. 583, 584, and cases cited; A. T. & S. F.
Ry. Co. v. Owens, Kansas, 50 Pac. 962; Pittsfield v. Pitts-
field, 71 N. H. 522, 53 Atl. 807, 60 L. R. A. 116; Healey
v. Patterson, 123 Iowa 73, 98 N. W. 576; Brown v. Chi-
cago, etc., Ry. Co., Kan., 52 Pac. 66; So. Kan. Ry. Co. v.
Griffith, Kan., 38 Pac. 478; Lieuallen v. Mosgrove, et al,
33 Ore. 282; Rowe v. Such, 134 Cal. 573; 66 Pac. 862.

HICKEY & MOORE for Appellee.

Contributory negligence is a defense which confesses
and avoids the plaintiff's cause of action as stated in the
complaint. Watkins v. Southern Pac. Ry. Co., 4 L. R. A.
239, 241; M. K. & T. Ry. Co. v. Jamison, 34 S. W. 674;
Ky. Cent. R. Co. v. Thomas, 79 Ky. 164; A. T. & S. F.
Ry. Co. v. Walton, 3 N. M. 530; Anniston El. & G. Co.
v. Hewitt, 139 Ala. 442, 36 So. 39; Robinson v. Louis-
ville Ry. Co., 112 Fed. 484; Richard v. Sacramento V. R.
R. Co., 18 Cal. 351, 358; Webbs Pollock on Torts 550.

Where the facts are disputed and the evidence con-
flicting as in this case, the question should always be left
to the jury. Owens v. Hannibal & St. J. R. R. Co., 58
Mo. 386, 393; Detroit & M. R. Co. v. Van Steinberg, 17
Mich. 90, 124; Beers v. Housatonic, 19 Conn. 566; Ire-
land v. Oswego R. R. Co., 13 N. Y. 533; Johnson v. Brun-
er, 61 Pa. St. 58; Vinton v. Schwab, 32 Vt. 612; Lang-
hoff v. Milwaukee, etc., R. R. Co., 19 Wis. 497; 2 Thomp.
Negl. 1239; Sioux City & P. P. R. Co. v. Stout, 17 Wall.
657, 665, 21 L. ed. 745, 749; Richmond & Danville R. Co.
v. Powers, 149, U. S. 44, 37 L. ed. 642, 643; Kane v.
Northern Cent. R. Co., 128 U. S. 91, 32 L. ed. 339, 341;

Washington & Georgetown R. Co. v. McDade, 135 U. S. 554, 34 L. ed. 235, 241.

The right of the railway in the street is only an easement to use the highway in common with the public. Rascher v. East Detroit & G. Ry. Co., 90 Mich. 413, 51 N. W. 463, 464; Adolph v. Ry. Co., 65 N. Y. 555; Railway Co. v. Hanlon, 53 Ala. 87; Shea v. Railway Co., 44 Cal. 414, 428.

The question of negligence is peculiarly for the jury and where there is any evidence however slight, the court cannot interfere. Norfolk & W. Ry. Co. v. Spencer's Admx. 52 S. E. 310, Va.; Morien v. N. & A. T. Co., 46 S. E. 907, Va.

The rule is that the motorman is bound not to run his car at such a speed that he cannot stop within the distance he can see such animal on the track. Anniston El. & G. Co. v. Hewitt, 139 Ala. 442, 36 So. 39, 40; Robinson v. Louisville Ry. Co., 112 Fed. 484.

The burden of proving contributory negligence is on the defendant. Watler v. Chicago M. & St. P. Ry. Co., 31 Minn. 91, 16 N. W. 537, 538; Washington & Georgetown R. R. Co. v. Gladmon, 15 Wall. 401, 21 L. ed. 115; Indianapolis & St. L. R. Co. v. Horst. 93 U. S. 291, 23 L. ed. 898; Hough v. Texas & P. R. Co., 100 U. S. 213, 25 L. ed. 612; Northern P. R. Co. v. Mares, 123 U. S. 710, 31 L. ed. 296, 301.

If the defendant could, by the exercise of ordinary care have prevented the accident, it was its duty to have done so. Cincinnati & L. R. Co. v. Smith, 22 O. St. 227, 246; Stuke v. Milwaukee & M. R. Co., 9 Wis. 182, 194; Norfolk & W. Ry. Co. v. Spencer's Admx. 52 S. E. 310, Va.; Isbell v. The N. Y. & N. Haven R. R. Co., 27 Conn. 392, 393; Bemis v. Conn. R. Co., 42 Vt. 375; Davies v. Mann, 10 Me. & W. 545, 2 Thomp. Neg. 1105, 1157; Grand Trunk R. Co. v. Ives, 144 U. S. 408, 36 L. ed. 485, 493; Donohoes v. St. L. I. M. & S. R. Co., 91 Mo 357; Inland & S. Coasting Co. v. Tolson, 139 U. S. 551, 558, 35 L. ed. 270, 272; Pearson v. Milwaukee & St. P. R. R.

The evidence shows that plaintiff's cow escaped from the pasture through no fault of the owner and without

his knowledge; under such a state of facts the courts have repeatedly held that there was no negligence or want of ordinary care on the part of the plaintiff. A. T. & S. F. Ry. Co. v. Davis, 31 Kan. 645, 3 P. 301, 302; Pearson v. Milwaukee. & S. P. R. R. Co., 45 Iowa 497, 500; Shea v. P. & B. V. R. R. Co., 44 Cal. 414, 428; Bulkley v. R. R. Co., 27 Conn. 479; Isbell v. N. Y. & N. Haven R. R. Co., 27 Conn. 392; Bemis v. Conn. R. Co., 42 Vt. 375; Richmond v. Sacramento V. R. Co., 18 Cal. 357, 358; Cincinnati & L. R. Co. v. Smith, 22 Ohio St. 244; Nelson v. The Great Northern Ry. Co., 52 Minn. 276, 53 N. W. 1129; Montgomery v. Breed, 34 Wis. 649; Stephenson v. Ferguson, 30 N. E. 714, Ind., App.; Julienne v. City of Jackson, 69 Miss. 34, 30 Am. St. Rep. 526; Coles v. Burus, 21 Hun. 246, 249; Reitter v. Henry, 20 N. E. 334, 335, Ohio.

### STATEMENT OF FACTS.

The court adopts the statement of facts set out in appellant's brief and agreed to by appellee, which is as follows:

This suit was filed in the court below on the 26th day of May, 1908, for the recovery of $75.00, the alleged value of a cow owned by the plaintiff, and killed by a collision with an electric car of the defendant corporation operated on its tracks in the city of Albuquerque. The negligent acts by which the appellee seeks to charge the appellant are stated in the complaint as follows:

"That by the gross negligence and carelessness of the said defendant, its agents, employees and servants, on Twelfth street, in the city of Albuquerque, New Mexico, defendant did, on to-wit, the 27th day of August, 1907, with one of its electric street railway cars run into and collide with a certain cow belonging to the plaintiff herein, and by said negligence and carelessness killed said cow."

The defendant's answer was a general denial, and also alleged as a further defense "That the said plaintiff was guilty of negligence contributing to the injury alleged in said complaint, in that the said plaintiff permitted said

cow to be illegally at large within the corporate limits of the city of Albuquerque at the time of said accident."

There was no reply filed, but no point was made of that at the time of the trial.

At the close of appellee's evidence, the appellant made the following motion:

"The defense moves the court to direct a verdict for the defendant, for the reason that there is no evidence to show that the cow was killed by the negligent act of the defendant; and second, because the evidence shows that the cow was unlawfully at large and that the plaintiff is therefore guilty of contributory negligence in permitting the cow to be unlawfully at large; and third, because there is no evidence whatever sufficient to go to the jury to warrant a verdict for the plaintiff."

Which said motion was overruled.

At the close of all of the evidence, the appellant moved the court to direct a verdict for the appellant, stating, among other reasons, the same grounds as in the former motion.

The court overruled appellant's motion and submitted the case to the jury. Exception was duly taken by the appellant to certain of the court's instructions and also to the refusal of the court to give certain requested instructions.

The jury returned a general verdict for the sum of $75.00, and also the following answers to interrogatories propounded by the defendant:

Q. Was the collision between plaintiff's cow and defendant's car caused by the negligent act of the defendant?

A. Yes.

Q. If your answer is yes, then state also what particular employee or employees of defendant were negligent, and also state what negligent act or acts caused said collision.

A. Find the negligent acts of the Albuquerque Traction Company. Failed to furnish sufficient headlight for the motorman to see the cow in time to prevent from killing her.                JOSEPH VAIO, Foreman.

The appellant thereupon moved the court for a new trial, which said motion was overruled and judgment rendered against the appellant, from which judgment, appeal was had to this court.

### OPINION OF THE COURT.

WRIGHT, J.—Considering the assignments of error in the order discussed in both the brief for appellant and the brief for appellee, it appears that the first two assignments of error relate to the sufficiency of the evidence, to go to the jury upon the question of negligence on the part of the defendant corporation. The first assignment of error alleges error on the part of the court in refusing appellant's motion to direct a verdict for appellant at the conclusion of appellee's case, while the second assignment alleges error in not granting a similar motion at the conclusion of the case and before argument.

A determination of these questions requires a careful examination of the record and testimony. In view, however, of the position taken by the court upon the fourth assignment of error, it is not necessary to discuss the first and second assignments further than to say that a careful examination of the record and testimony discloses that appellant's motion to direct a verdict in its favor was properly refused in both instances.

The third assignment of error discussed by the briefs relates to the third instruction given by the court, which reads as follows:

"3. Among the particulars in which the plaintiff claims the defendant was negligent is one which, perhaps, calls for some explanation and comment by the court. The plaintiff claims that the defendant was running the car which caused the death of the cow, at an improper rate of speed, and has offered evidence bearing on that question. The defendant has offered evidence tending to sustain its view of the same question. You are instructed that in the absence of any provision of law regulating the speed at which a street car may be run or operated, those who operate it are bound by the same rule of due care which governs others using vehicles in the

Thompson v. Traction Co.

public streets; that is, when, as in this case, the street car
was operated in a public street.

"By that I do not mean to say that a street car might
not properly be operated and run at a higher rate of speed
than other vehicles. To illustrate: Street cars are larger
than ordinary vehicles, they are usually painted in more
conspicuous colors, they make considerable noise in running
which serves as a warning to others who are using the
streets, they are usually provided with headlights for use
in darkness, and with bells which also serve to warn others
that they are in the vicinity, and they run upon tracks
which are plainly visible and from which they cannot de-
viate; all those circumstances, and very likely others, might
serve to warrant those who are operating them in running
at a higher rate of speed than would be proper for ordinary
vehicles. But the rule of law is the same; they are bound
to use due care, taking into account all the circumstances."

The appellant claimed that the foregoing instruction
was indefinite and uncertain.

The courts of this country have very distinctly de-
fined the rights of a street railway to the use of a public
highway.

"The right of the railway in the street is only an
easement to use the highway in common with the public.
It has no exclusive right to travel upon its track and
it is bound to use the same care in preventing a col-
lision as is the driver of a wagon or other vehicle."
Rasher v. East Detroit & G. Ry. Co., 90 Mich. 413, 51
N. W. Rep. 463, 464; Adolph v. Railway Co., 65 N. Y.
555; Railway Co. v. Hanlon, 53 Ala. 87; Shea v. Railway
Co., 44 Cal. 414, 428; Amer. & Eng. Enc., 2d edition, vol.
27, pages 57 to 60 and cases cited.

Under the rule laid down in the above cited cases, we
can see no error in this instruction.

The fourth assignment discussed in the briefs raises
what appears to be the vital question in this case, and the
one upon which this case must turn for affirmance or re-
versal.

The complaint alleges negligence on the part of the
defendant corporation in the following words:

"That by the gross negligence and carelessness of the said defendant, its agents, employees and servants, on Twelfth street, in the city of Albuquerque, New Mexico, defendant did, on to-wit, the 27th day of August, 1907, with one of its electric street railway cars run into and collide with a certain cow belonging to the plaintiff herein, and by said negligence and carelessness killed the said cow."

No objection was taken to the form of the complaint by way of motion to make more definite and certain so that a liberal construction of the pleadings would permit the introduction of a very wide range of evidence as to the negligence of the railway company. The evidence introduced by the appellee in support of his allegations of negligence relates exclusively to the manner in which the motorman in charge of the car operated the same. In other words, the appellee by his evidence, limited the scope of his pleadings to the carelessness and negligence of the motorman. No evidence whatever as to any defective equipment was introduced by the appellee.

The appellant submitted special interrogatories to the jury in accordance with the practice in this jurisdiction. The jury returned a general verdict for the appellee with special findings under the interrogatories, as set out in the statement of facts herein.

The question raised by the fourth assignment of error then resolves itself into the determination of whether there is any evidence within the pleadings, to support the general verdict in view of the special findings of the jury on the question of the negligence of the defendant corporation.

An examination of the testimony shows that the appellee proceeded upon the theory that the accident and resulting injury were due to the negligence and carelessness of the motorman in running and operating the car of the defendant company, and in particular as to the speed at which the car was being run at the time the accident occurred. All of the evidence offered by the appellee was upon this theory of the case and he thereby invited and compelled the appellant to meet him upon that issue and that issue alone.

While it is true that the allegation of negligence in the complaint is so broad that it might have been construed to include:

"Failure to furnish sufficient headlight for the motorman to see the cow in time to prevent from killing her," as stated in the special findings of the jury, if any evidence of that character had been offered by the plaintiff below, it would appear to us, that the appellee, having by his own act limited the scope of his pleadings to the carelessness and negligence of the motorman in charge of the car, as to his manner of running and operating the same, would be precluded from taking any broader view of his pleadings on motion for new trial or appeal.

In the case of Gallegos v. Sandoval, 106 Pac. 373 (New Mexico) this court recognizes the general rule that where there is a fatal inconsistency between the general verdict and the special findings, that the latter must control. In the case at bar it is not an inconsistency between the verdict and special findings, but rather a complete failure of proof to sustain the special findings. An examination of the testimony discloses the fact that there was no evidence whatever introduced in this case to show that the headlight was defective in any particular. On the other hand, the evidence of the motorman—a witness introduced by the appellant,—was to the effect that he could see seventy-five feet ahead by means of the headlight and that he could stop his car within a distance of seventy-five or eighty feet. This evidence would tend to establish a finding just contrary to the special finding under discussion. Hence it appears that such special finding, not only relates to a question of negligence which must be considered as wholly outside of the pleadings, as limited by the case made out by the plaintiff in the court below, but also as wholly unsupported by any evidence in the case and directly contrary to the actual facts. Such being the case, as a matter of course, the general verdict cannot be sustained.

It is a well established rule in jurisdictions where special interrogatories may be submitted to the jury, as in this jurisdiction, that special findings, in order

to support a general verdict, must correspond to the proofs and be within the pleadings. A. T. & S. F. Ry. Co. v. Owens, 50 Pac. 962. So. Kan. Ry. Co. v. Griffith, 38 Pac. 478.

In the case of Waterbury v. C. M. & St. P. Ry. Co., 104 Iowa 32, upon this question the court said:

"The jury found specially that plaintiff could not, by the exercise of ordinary care, have seen the ice where he slipped and fell, and by such care have avoided the injury. This finding, as well as the seventh, that the plaintiff did not directly contribute to his injury by his own negligence, was clearly contrary to the evidence, and cannot be sustained. These facts were material and determinative in character, and it cannot be presumed in view of the answers of the jury, that the defendant had a fair trial."

Also in Chicago K. & N. Ry. Co. v. Muncie, 56 Kan. 210, 42 Pac. 710, the court said:

"It is plain that these questions are not answered fairly, nor in accordance with the testimony. The questions incorrectly answered relate to a leading defense, and the facts involved in them were material to the controversy. For some reason the jury ignored undisputed evidence, and their findings indicate that the verdict was not the result of a fair consideration of the evidence, and that the defendant did not have an impartial trial."

The questions propounded by the attorney for the Traction Company were direct and called for a determination of facts most material to issues involved. There being no issue during the trial as to any defective headlight, and no evidence whatever upon which to base the special finding of the jury thereon, it cannot be said in this case that the defendant has had an impartial trial, and it was therefore error on the part of the trial court not to have set aside the general verdict and granted a new trial.

The remaining assignments of error relate to alleged error in the giving and refusing of certain instructions as to contributory negligence. The refused instructions were as follows:

"Request No. 6. If in said city the plaintiff's cow

escaped by breaking through or getting over the fence with which she was enclosed, such escape will be presumed to have been by reason of the fault or negligence of the plaintiff, unless it is proved that such fence was so constructed and kept in repair that such breaking through or getting over could not have been reasonably anticipated from the condition of the fence, or the size, activity and natural inclinations of said cow."

"Request No. 9. The law is that where the plaintiff so far contributes to the misfortune by his own negligence or want of ordinary care and caution that but for such negligence or want of care and caution on his part the misfortune would not have happened, then he cannot recover; and if you find that if said cow was at large because of the negligence of said defendant, and that she could not have been struck by the car if she had been kept within her enclosure, then you will find a verdict for the defendant."

The instruction to which appellant took an exception was as follows:

"6. You are further instructed that in-as-much as cattle are not allowed to run at large in the city of Albuquerque, the defendant company was not bound to anticipate that cattle would be then on the track, but it had a right to presume that the track was clear of cattle. Although you may believe from the evidence that there was contributory negligence on the part of the plaintiff in the fact that the cow was at large, still if you further believe from the evidence that by the exercise of due care on the part of the defendant, its agents and servants, the injury to the cow would have been avoided, notwithstanding the negligence of the plaintiff, then the plaintiff has a right to recover."

It seems from the evidence in this case that there was in effect at the time the accident occurred, a city ordinance prohibiting the running at large of live stock within the city limits. The evidence shows that the cow in question was kept in an enclosed pasture, which pasture was fenced by a four wire barb-wire fence; that at least twice before this particular occasion, certain cows belonging to

appellee had gotten out of this pasture. It further appears from the evidence that the appellant was not aware of this cow having escaped until after the accident occurred.; that he immediately went in search of her for the purpose of returning her to the pasture as soon as he discovered that she had escaped. There was no other evidence offered by the appellant to show negligence on the part of the owner except an introduction of a copy of the ordinance, and the fact that the cow was upon the public street at the time the accident occurred.

A discussion of the issue raised by the above mentioned assignments of error involves the determination of the rule in effect in this jurisdiction upon contributory negligence. At the August, 1891, term of this court, in the case of Candelaria v. A. T. & S. F. Ry. Co., 6 N. M. 266, the court in discussing "what is contributory negligence" used the following words: "The more approved statement of the doctrine of contributory negligence is that the person cannot recover for an injury to which he contributed by his own want of ordinary care." An examination of the decisions upon the subject of contributory negligence discloses a peculiar condition. It appears that just prior to the handing down of the New Mexico decision above referred to, the United States Supreme Court had passed directly upon the point involved in the Candelaria case, in the case of Inland Seaboard Coasting Company v. Tolson, 139 U. S. 531. In this case the issue came up also on an instruction upon the question of contributory negligence, as in the case at bar. The instruction in question was as follows:

"There is another qualification of this rule of negligence which it is proper I should mention. Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident; yet the contributory negligence on his part would not exonerate the defendant, and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and

prudence, have avoided the consequences of the plaintiff's negligence."

Mr. Justice Gray, who delivered the opinion, said:

"The qualification of the general rule, as thus stated, is supported by decisions of high authority, and was applicable to the case on trial."

Within a few months after the handing down of the decision in the Candelaria case, the United States Supreme Court again passed upon this question of contributory negligence in the case of Grand Trunk Railway Company v. Ives, 144 U. S. 429, in the following words:

"The generally accepted and most reasonable rule of law applied to actions in which the defense is contributory negligence may be thus stated: Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured; subject to this qualification, which has grown up in recent years, (having been first enunciated in Davies v. Mann, 10 M. & W. 546) that the contributory negligence of the party would not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." (See also Rose's notes on above case.)"

Mr. Thompson, the author of various works on negligence, in substance, states that the old rule on the subject of contributory negligence was, that no recovery could be had where by exercising ordinary care the party injured could have avoided the consequences of defendant's negligence. This seems to be the rule urged by the appellant in the case at bar. An examination of his citations indicates that he relied solely upon the old rule and formulated his requested instructions upon that theory. It is certainly an interesting fact that one leading case was decided by the United States Supreme Court a few months prior to the handing down of the Candelaria opinion by this court, and another leading case a few months after the handing down of the Candelaria opinion. This indicates that the court's

change in the rule as to contributory negligence was not
noted by this court at the time of the Candelaria case. An
examination of the facts as set out in the opinion of the
Candelaria case, however, discloses the fact that in this
case the court instructed the jury to find a verdict for
the defendant. An examination of the evidence in that
case further shows that it came within the rule announced
by this court in the case of Gildersleeve v. Atkinson, 6 N.
M. 250, to the effect that it is the duty of the court to
direct the verdict where in the exercise of a sound judicial
discretion it would be called upon to set aside a contrary
verdict. In other words, that the evidence upon the ques-
tion of contributory negligence of the plaintiff was plain
and unequivocal and raised no issue to be submitted to
the jury. Hence, the qualification of the old rule as to
contributory negligence could under no circumstances have
had any bearing or been applied by the court in the Cande-
laria case. The United States courts appear universally
to have followed the rules laid down in the Tolson and Ives
cases.

In the case of Turnbull v. New Orleans & C. R. Co.,
120 Fed. 783, a case from the Fifth Circuit, Judge McCor-
mick reviews the law of contributory negligence, citing
and approving both the Tolson and Ives cases and the doc-
trine laid down therein. The doctrine laid down in these
two cases has been further sustained and approved in the
case of Dunworth v. Grand Trunk Western Ry. Co., 127
Fed. 307, and in the case of Netherlands-American Steam
Nav. Co. v. Diamond, 128 Fed. 572. In this case the court
said:

"In any event, questions of proximate cause and reas-
onable care, especially in cases involving the claim of con-
tributory negligence are peculiarly for the jury, to be
determined under proper instructions from the court
according to the circumstances of the particular case."

In the case of Dunworth v. Grand Trunk Western Ry.
Co., 127 Fed. 307, Jenkins, Circuit Judge, said:

"If the facts, or the inferences to be drawn from them,
with respect to contributory negligence, be doubtful, the
case is one for the jury. But if from the facts disclosed,

the conclusion follows as a matter of law that there can be no recovery in any proper view of the facts, it is the duty of the trial court to direct a verdict." Numerous other cases are cited.

In view of the above citations it would appear that the court did not err in its instruction on the subject of contributory negligence, or in refusing the requested instructions. The evidence of the case is conflicting. The witness, Miss Yates, testified that she was standing upon the corner waiting for the car; that the track was straight for several hundred yards; that the motorman in charge of the car made no effort to slacken the speed of his car, did not sound his gong, and after striking the cow, ran on without stopping some hundred feet or more to the point where she was waiting for the car. The motorman, on the other hand, testified that as he was coming on at this particular place, the street was rather dark and he was looking to the side of the street to see if there were any passengers, but when he looked back and saw the cow she was too close for him to stop. Such being the facts, we think that the question with respect to contributory negligence being the proximate cause of the accident, was doubtful and properly an issue to be submitted to the jury under proper instructions from the court according to the circumstances of the particular case.

The appellant discusses the question in his brief as to whether the violation of a statute or ordinance imposed under the police power of the state, (such as prohibiting cows from being upon streets and highways) is negligence *per se,* or *prima facie* evidence of negligence. Under the views we take as to the rule of contributory negligence this cannot be material to the issue in the case.

The judgment of the lower court is reversed and the case is remanded for a new trial.

Pope, C. J., I concur in the result upon the ground that there is no evidence to sustain the only special finding upon which the verdict rests.