271 P.2d 405

**MERRILL v. STRINGER.**

No. 5738.

Supreme Court of New Mexico.

May 11, 1954.

Rehearing Denied June 18, 1954.

Joseph L. Smith, Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, for appellant.

Simms & Modrall, George T. Harris, Jr., Albuquerque, for appellee.

COMPTON, Justice.

Appellant, plaintiff below, instituted this action for damages for personal injuries sustained by her allegedly resulting from being struck by an automobile driven by appellee.

. The accident occurred about 7:00 p. m. May 31, 1952, on East Central near the center line, and some 60 feet west of the intersection of East Central and Adams Street. On the day in question appellant had worked at Highland Hairdresser Shop, and to return home it was necessary to cross East Central from the south to the north and possibly catch a westbound bus. At the southwest quadrant of the intersection there is a bus stop for the convenience of passengers traveling east. She hesitated at this stop and soon an eastbound bus slowed up to stop. She waved for the driver to go on and the bus proceeded east. She then looked to the west ostensibly to judge the traffic, and as soon as the bus had cleared away, started running in a northwesterly direction. At the same time appellee was driving his automobile west on East Central in the south lane next to the center line at a speed of approximately 25 to 30 miles per hour. Appellant ran or walked into the path of the vehicle. The impact rendered her unconscious for days and she was otherwise seriously injured.

The complaint charges two causes of action; the negligence of appellee in the operation of the automobile; and that appellee had a last clear chance to avoid the accident. The negligent acts, omission and failure to act alleged as a basis for the application of the last clear chance doctrine, are excessive speed under the circumstances, failure to maintain a proper look-

out and failure to exercise ordinary care for appellant's safety whom he saw, or should have seen, was in a position of peril from which she could not escape by the exercise of ordinary care. These charges were put in issue by a general denial. As special defenses, appellee pleaded contributory negligence and assumption of risk. Subsequently, the first cause of action was withdrawn, leaving only the last clear chance issue. The cause was tried to a jury and when appellant rested, appellee's motion for a directed verdict on the ground there was no issuable fact for the jury, was granted and the cause dismissed. Assigned as error is the action of the court in directing the verdict and rendering judgment thereon.

The grounds for directing the verdict are reflected by the remarks of the court to the jury:

"The Court: Members of the jury, * * * I believe you are entitled to know the reason that I am going to direct a verdict in favor of the Defendant. It is on the basis that the so-called Last Clear Chance Doctrine does not apply. There is no question—in fact, it is admitted that the Plaintiff was negligent in this case. She was, herself. She ran out into the street at a portion that wasn't a marked crosswalk, and she angled over, the undisputed evidence is, to the middle line of the highway, and her negligence continued right up to the moment of impact. It was a question for you folks as to whether the Defendant should have seen her position of peril, and whether—and as to whether he was negligent in that regard, but you have to also establish that as a result of the Plaintiff's negligence, she was in a position of peril from which she could not have escaped by the exercise of ordinary care, and that was not established, nor was it established that the Defendant, after she was in the position of peril, had a Clear Chance, by the exercise of ordinary care, to avoid the injury, so on the basis of that, I am going to direct you to return a verdict in favor of the Defendant. * * *"

The parties are in accord on the essential elements which must be present in order to warrant the application of the last clear chance doctrine, (a) that the appellant has been negligent, (b) that as a result of her negligence she is in a position of peril from which she cannot escape by the exercise of ordinary care, (c) that the defendant knows or should have known of plaintiff's peril, and (d) that appellee had a clear chance by the exercise of ordinary care to avoid the injury and that he failed to do so. Floeck v. Hoover, 52 N.M. 193, 195 P.2d 86.

Appellant contends that appellee had a last clear chance to avert the injury by the

exercise of ordinary care, after having appreciated her danger and having reason to suppose that she would not save herself from injury, but failed to do so. Conversely, while admitting he was negligent in not seeing appellant, appellee contends that the last clear chance doctrine is inapplicable because appellant was physically able to extricate herself by the exercise of ordinary care, and that appellee did not have actual knowledge of appellant's perilous situation.

We think the court committed error. The case was disposed of on the issue of negligence and contributory negligence. The verdict should be directed only if in the exercise of sound discretion the court can say there is neither evidence nor permissible inference which would support a verdict for the plaintiff.

It need not appear that appellant was physically unable to extricate herself. The rule applies with equal force where a plaintiff is unable to escape danger because wholly unaware of it where a defendant actually sees the perilous position and could have averted the injury by the exercise of ordinary care. Sanchez v. Gomez, 57 N.M. 383, 259 P.2d 346; Thayer v. Denver & R. G. R. Co., 21 N.M. 330, 154 P. 691; Smith v. Los Angeles Ry., 105 Cal.App. 657, 288 P. 690; Girdner v. Union Oil Co., 216 Cal. 197, 13 P.2d 915; Gillette v. City and County of San Francisco, 58 Cal.App.

2d 434, 136 P.2d 611; Nicolai v. Pacific Electric Ry. Co., 92 Cal.App. 100, 267 P. 758; Gainer v. United Railroads, 58 Cal. App. 459, 208 P. 1013; Center v. Yellow Cab Co., 216 Cal. 205, 13 P.2d 918.

The Thayer case, supra, is the leading case on the doctrine in this jurisdiction. Mr. Justice Roberts speaking for the court, said [21 N.M. 330, 154 P. 697]:

"* * * Where the negligence of the plaintiff continues up to the very moment of the injury and is contemporaneous and concurrent with the negligence of the defendant, and where the exercise of reasonable diligence before the injury would have warned the plaintiff of his danger and have enabled him to escape by his own efforts, there can be no recovery. Take, for example, the facts in the present case. Suppose the defendant could show that after the car upon which plaintiff was riding was upon the main track plaintiff saw the engine approaching, and he could by the exercise of due care, have stepped off the car without danger of injury to himself, and he neglected to do so, he would have no right to recover. Of course, if the plaintiff could show that he was unconscious of the threatened danger in time to have avoided the injury, and that the defendant actually saw or knew of the danger to which

the plaintiff was exposed, and also knew or should have known that the plaintiff was unconscious thereof, and the defendant failed to use due diligence to avoid the injury, the plaintiff would be entitled to recover. * * *"

In Girdner v. Union Oil Co., supra [216 Cal. 197, 13 P.2d 917], the court said:

" * * * and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and *this includes* not only where it is physically impossible for him to escape, but also in *cases where he is totally unaware of his danger and for that reason unable to escape * * *.*" (Emphasis ours.)

■ Appellee strongly argues that the evidence is conclusive that he did not have actual knowledge of appellant's danger. This contention is based principally on appellee's own testimony. He testified that the first time he saw appellant "she appeared in his windshield" at the moment of the impact. But this evidence is not conclusive. The jury was not bound by his denial. Whether appellee saw and appreciated appellant's situation and could have avoided injuring her by the exercise of ordinary care, was a question for the jury and not one of law to be judicially determined. Thompson v. Albuquerque Traction Co., 15 N.M. 407, 110 P. 552; Lucero v. Harshay, 50 N.M. 1, 165 P.2d 587; San-

chez v. Gomez, 57 N.M. 383, 259 P.2d 346; Tarter v. Missouri, K. & T. Ry. Co., 119 Kan. 365, 239 P. 754; Arnold v. San Francisco-Oakland Terminal Rys., 175 Cal. 1, 164 P. 798; Smith v. Pacific Greyhound Corp., 139 Cal.App. 696, 35 P.2d 169; Atlantic Refining Co. v. Jones, 4 Cir., 70 F.2d 89; Smith v. Gamp, 178 Wash. 451, 35 P.2d 40. The witness Stroup sitting in his car on the south side of the street testified that appellee's wife saw appellant before appellee did. Another driver immediately behind appellee some 20 yards and traveling in the same direction, saw appellant approaching the center line and was able to bring his vehicle to a stop. This evidence presented an issue of fact. A jury might reasonably conclude that appellee actually saw the appellant in a position of danger, notwithstanding his testimony to the contrary, and had he then exercised reasonable care he could have avoided the injury.

In Gillette v. City, etc. supra, the court in discussing just such a situation, [58 Cal. App.2d 434, 136 P.2d 615] said:

"The courts have held repeatedly that it is a question of fact for the jury to determine from all the circumstances presented by the evidence whether the defendant actually knew of the plaintiff's peril; *and that notwithstanding there may be a total absence of any positive testimony that the defendant actually knew of plaintiff's danger, and even though the defendant definitely*

*denies seeing the plaintiff at all, the doctrine of the last clear chance may be invoked and applied where the facts and circumstances are such as would justify the jury in finding that despite the defendant's denial of knowledge or the absence of direct testimony on the subject, he was actually aware of plaintiff's danger in time to avert the accident;* in other words, that he 'must have known' of plaintiff's danger. For example, in the case of Hoy v. Tornich, supra, it was contended that since the uncontradicted evidence showed that the defendant did not see the plaintiff until the very moment of the accident, the doctrine of the last clear chance was inapplicable. The court held otherwise, saying (199 Cal. 545, 250 P. 569): *'If the defendant in this case was looking straight ahead, as he testified that he was, he must have seen the plaintiff.'"* (Emphasis ours.)

In Smith v. Gamp, supra [178 Wash. 451, 35 P.2d 41], the court held:

" 'Thus we have two different situations to which the last clear chance rule applies. In the one, the plaintiff's negligence may continue up to the time of the injury, if the defendant actually sees the peril; in the second, the plaintiff's negligence must have terminated, if the defendant did not actually see the peril, but by the exercise of reasonable care should have seen it.'

"If respondents entered the east traffic lane of the highway, thereby placing themselves in a dangerous situation, without looking to the right when they arrived at the center line of the highway, and such breach of the duty imposed upon them by the city ordinance constituted negligence, they were not, under the facts of this case, negligent, as a matter of law, in failing to be continuously thereafter (while continuing on their way across the east traffic lane to the east edge of the highway) looking to ascertain whether motor cars were approaching. It was for the jury to say whether respondents' negligence continued up to the time of the accident, or whether it terminated when they entered the east traffic lane and were in plain view of drivers of motor cars using the east traffic lane. That necessitated submission to the triers of fact of both phases of the last clear chance rule. If appellants actually saw the dangerous situation in which respondents had negligently placed themselves and should have appreciated respondents' peril, the last clear chance rule would apply without regard to the continuing negligence of the respondents concurring with that of the appellants up to the very instant of the injury. In the second situation the respondents' negligence must have terminated if the appellants did not ac-

tually see the peril, but by the exercise of reasonable care should have seen it."

In Rasmussen v. Fresno Traction Co., 15 Cal.App.2d 356, 59 P.2d 617, 620, the court said:

"* * * While it has always been held that the rule did not apply unless the defendant actually knew that the plaintiff was in a position of danger, it has more recently been held that the jury is not required to take the defendant's word that he did not see but that, under proper circumstances, the jury may find that he did see, and that the jury, having found on proper evidence that he actually saw, may infer that he should then have known that the plaintiff could not escape. Even more recently it has been held that where a plaintiff is unaware of the situation or oblivious to his danger, this is equivalent, for the purposes of the rule, to a physical inability to escape. * * *"

█ It is argued that since appellant's negligence continued up to the time of her injury, the rule is not available to her. Even so, it is generally held that the doctrine cannot be invoked where there is concurrent negligence as a proximate cause or where the injured party's negligence continued up to the very moment of the injury, or where the exercise of ordinary care on the part of a plaintiff would have warned him of danger and enabled him to escape from it; nevertheless, the doctrine may apply, irrespective of a plaintiff's continuing negligence, if the defendant, after knowing of the plaintiff's danger and having reason to suppose that he may not save himself, had a last clear chance to avoid it by the exercise of ordinary care but failed to do so. Thayer v. Denver & R. G. R. Co., supra; Kabler's Adm'r v. Southern Ry. Co., 121 Va. 90, 92 S.E. 815; McLead v. Charleston Laundry Co., 106 W.Va. 361, 145 S.E. 756; Merchants' Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401; Browning v. Bremerton-Charleston Transit Co., Inc., 28 Wash.2d 713, 183 P. 2d 1005; Coins v. Washington Motor Coach Co., Inc., 34 Wash.2d 1, 208 P.2d 143; Zettler v. City of Seattle, 153 Wash. 179, 279 P. 570; Smith v. Gamp, supra. Also, see 92 A.L.R. 86, where the cases are assembled.

The judgment is reversed and remanded with direction to the lower court to enter an order reinstating the case upon its docket and proceed in a manner not inconsistent herewith, and It Is So Ordered.

McGHEE, C. J., and SADLER and LUJAN, JJ., concur.

SEYMOUR, J., not participating.