134 P.2d 550

CITIZENS FINANCE CO. v. COLE.
No. 4726.

Supreme Court of New Mexico.
Jan. 8, 1943.

Rehearing Denied Feb. 15, 1943.

Motion for Leave to File Second Petition for Rehearing Denied March 18, 1943.

E. E. Young, of Roswell, for appellant.

Frazier & Quantius, of Roswell, for appellee.

BICKLEY, Justice.

The question presented is whether the appellant, an automobile mechanic who furnished labor upon, and parts for, trucks owned by one Boulware, the owner, and at his request, was entitled to a lien under the provisions of Sections 82-401 and 82-407, Comp.1929 (Sections 63-301 and 63-307, N.M.S.1941), as against the holder of a chattel mortgage (appellee), which mortgage was recorded prior to the time the work was done and the parts furnished.

From the manner in which the case is here presented in both briefs and oral argument, it must be taken as agreed by the parties that if the appellant, mechanic, performed the services and retained possession of the trucks a lien existed in his favor which was paramount to the lien of the chattel mortgage. We so consider the matter.

The question of priority between the artisan's lien and chattel mortgage lien under other circumstances not being presented, is not decided. This question is the subject of an annotation in 32 A.L.R. 1005.

Thus our review is limited to the sole question presented as to whether the

findings of fact made by the trial court to the effect that following the performance of the services by the artisan, he delivered the possession of the trucks to the owner, Boulware, at whose sole request the services were performed, are sustained by substantial evidence.

We answer the question in the negative.

We do not see how an elaborate discussion of the evidence will be of advantage to bench and bar, yet it is appropriate that we briefly state the considerations that impel us to this conclusion.

The chattel mortgage holder was the plaintiff in the case, a replevin suit filed July 5, 1941, to recover from the defendant-artisan, the possession of the trucks, hereafter referred to as the Diamond T Truck and International Truck.

Since we are unconvinced that the finding as to the surrender of possession of the International truck is not supported by substantial evidence, we will say nothing more about that truck.

We assume that the burden of proof was upon the plaintiff in this replevin suit to establish his right to possession of the Diamond T truck under its chattel mortgage and that it made a prima facie case casting upon the defendant artisan the burden of going forward with the evidence to establish his lien.

Since it was conceded that the defendant had performed the services at the request of Boulware, the owner—mortgagor—and had not been paid therefor, an interesting question arises as to the burden of proof under the statutes cited. In the first of these statutes is delineated circumstances under which a lien may be established; and under the second, as to how such lien may be lost, namely, by consent that the property subject to the lien created as aforesaid, be removed from the control or possession of the mechanic or artisan.

In 67 C. J. Waiver, Sec. 11, it is said: "Burden of Proof. In accordance with the general rule, waiver must be proved by the party alleging it by evidence that does not leave the matter doubtful or uncertain; but, as in other civil actions, this need be no more than a preponderance of the evidence."

Bowers on Waiver states: "When a waiver of a vendor's lien is asserted, the burden is upon the purchaser to prove it."

See also 33 Am.Jur.Liens, Sec. 50.

We need not affirm the applicability of these principles to the case at bar, since the plaintiff assumed that they were applicable, and we think it is a sound statement of the law that even where a party erroneously assumes the burden of proof as to a particular matter, or the burden of evidence as to a particular fact, the mistake will not be corrected on appeal. See 22 C.J., Evidence, Sec. 14. In 31 C.J.S., Evidence, the distinction between Burden of Proof and Burden of Evidence is discussed in Sections 103 and 110. Generally herein, we apply the principles of the Burden of Evidence.

According to the Bill of Exceptions, the plaintiff assumed the burden on the issue of possession and produced the testimony of Mr. Woodall who worked at the Roswell Auto Company where the trucks were stored by the deputy sheriff, Mr. Strickland, after he executed the Writ of Replevin.

Mr. Woodall testified that the Diamond T Truck had, in his opinion, been driven after the time certain material itemized repairs were made on the truck, but the witness could not determine how long it had been driven. He saw mud on the chassis and in front of the truck and on the wheels thereof, and said: "Otherwise, that is about as far as you can determine how much it has been driven." The following dialogue between the Court and witness occurred:

"Q. Mr. Woodall, this Diamond T, was there anything where you could tell whether it had been driven a quarter of a mile or ten miles? A. It looks to me like the truck had been driven where there was mud and water, or else off the pavement, because it has a lot of mud on it, and I don't think a car or truck either one would get very much mud on this pavement around here."

That is about as definite as the witness was able to testify, and is the only direct testimony produced by the plaintiff to prove loss or waiver of the artisan's lien, the remainder of plaintiff's evidence being aimed at discrediting the testimony of the defendant Cole.

The plaintiff offered no further evidence at that time and apparently rested its case, so far as the issue of possession was concerned. The defendant took over and testified that he did work on the Diamond T truck on or about June 13, 1941, and apparently for a few days thereafter. The witness testified repeatedly that he never returned possession of the truck to the owner, Mr. Boulware, after this work amounting to $180.50 was done on or about June 13th.

Plaintiff had done work a short time previously on this same truck, for which he was not paid, but these items are not involved in this review.

The witness testified that the Diamond T truck at the time it was taken from his possession was of the value of around $225.

On cross examination, the witness testified that the truck was in his shop about two weeks before the 13th of June. Then the following question and answer were given:

"Q. So actually you had possession of the truck from approximately the first day of June—in your possession all of the time? A. Yes, sir. I think the 29th day of May, to be exact about it, was the last time the truck worked. *However, you can check that statement through the records of the WPA office.*" (Emphasis supplied.)

The plaintiff called as a witness a Mr. Hines, WPA timekeeper at the airport project near Roswell, who testified that.

he kept time on the trucks driven by Mr. Boulware on the airport job and that the time records showed that Boulware had worked the Diamond T truck on the job June 2d, 3d, 4th, 5th, 7th, 9th, 10th, 11th, 12th and 13th.

So it appears that Mr. Cole was mistaken about having had the truck in his possession from about June 1st to the date the replevin writ was executed, if it is taken that he meant continuously. A claim that the witness meant continuously is discounted by his direct testimony that he repaired the Diamond T truck on June 5th and turned it back to the possession of the owner, Mr. Boulware. Furthermore, as pointed out by counsel for appellant, the witness, who expressed himself as uncertain about dates, said: "You can check up that statement through the records of the WPA office", which indicates an attitude of frankness on the part of the witness inconsistent with an imputation that the witness had testified falsely with an intention to deceive the court.

What the witness did testify to clearly and positively was that from the 13th of June or thereabouts when he did the repair job amounting to $180.50, the Diamond T truck was continuously in his possession until the deputy sheriff took it under the writ of replevin.

If this is so, it is immaterial whether the truck was in his possession prior to the 13th of June or not, thus the witness' contradiction by the WPA timekeeper related to immaterial matter. We do not here in-vade the province of the trial court to determine the credibility of witnesses. However, we have here a case where the lien-claimant and three other witnesses testify to the fact that the Diamond T truck was in the possession of the defendant-artisan from about the middle of June when the $180.50 repair job was done, and continuously thereafter until the writ of replevin was executed, July 5th.

In Medler v. Henry, 44 N.M. 275, 101 P.2d 398, we held that the uncontradicted testimony of a witness, interested or disinterested, cannot be arbitrarily disregarded by the trier of facts. We went on to decide: "The trier of facts cannot be said to have acted arbitrarily in disregarding uncontradicted testimony, where witness is impeached by direct evidence of his lack of veracity or bad moral character, or by some other legal method of impeachment, or testimony is equivocal or contains inherent improbabilities, or suspicious circumstances surround the transaction testified to, or legitimate inferences may be drawn from the facts and circumstances that contradict or cast reasonable doubt upon truth or accuracy of the testimony."

Since there is in the case at bar no direct evidence supporting plaintiff's contention that following the performance of the services on the Diamond T truck the artisan delivered the possession thereof to the owner, Boulware, and consequently no direct evidence contradicting the evidence produced by the defendant-artisan, it be-

comes our duty to examine any circumstantial testimony which might require the application of the foregoing rule.

The result of this examination does not impel us to the belief that the testimony of the witness Cole may be disregarded. Particularly since his testimony is corroborated by the testimony of three other witnesses, each of whom is unimpeached in any of the ways heretofore delineated.

The testimony of the plaintiff's witness, Woodall, about the mud on the truck is too conjectural to be accepted as substantial evidence that the defendant consented that the truck be removed from his possession or even that it had been removed involuntarily, which might have been the case. In Smith v. Schumaker, 30 Cal.App. 2d 251, 85 P.2d 967, it was said that surmise, conjecture or speculation does not alone amount to substantial evidence.

The testimony of the plaintiffs' impeaching witness, Hines, the W. P. A. timekeeper, corroborates the defendant Cole's testimony on the vital point that the Diamond T truck was in the continuous possession of defendant after the 13th of June, for he said that the truck was not on the job at the airport after that date, although its owner, Boulware, was still working on the job. It is a reasonable inference that Boulware would have kept this truck busy if it had been available to him, since it is apparent that it would have been to his interest to do so. The explanation for Boulware's not redeeming the Diamond T truck is found in the evidence. Hard times

were upon him. He was indebted to both the defendant and the plaintiff with two liens against the truck. Thus according to the testimony as to the value of the truck, he appears to have had no equity in it to protect, so he let it go.

Certain presumptions or inferences arising from knowledge of the law that the lien would be lost by surrender of possession; that the state of possession shown to be in the artisan at the time of making the repairs would continue for a reasonable time; the possession in the artisan at the time the writ of replevin was executed; and the presumption that where a prior possession, and a subsequent possession is shown in the same person and the intervening space of time is short, that the intermediate state of possession was the same, all tend to support rather than detract from the evidence produced by the defendant. See 31 C.J.S. Evidence, §§ 132, 135, 124, 140, and 9 Encyclopedia of Evidence, where it is said: "A fact or relation shown to exist at different dates may be of such a nature that its continuance during the intervening period may be legally presumed; as, for instance, the possession of real estate, or chattels, by a particular person."

Having concluded that there is no substantial evidence to sustain the trial court's findings in favor of the appellee, we turn to the findings and conclusions requested by the defendant (appellant) and we hold that the evidence clearly warrants the making of the controlling finding of fact re-

quested by the defendant, No. 2, and that it was error for the court to refuse to make such finding. Such requested finding No. 2 is as follows: "2. That on June 13, 1941, the defendant Cole performed labor and furnished parts for the Diamond T truck in the sum of $180.50, and that after the performance of the last named labor and furnishing of parts he retained possession of said Diamond T Truck, and was in possession thereof at the time the same was taken from him by writ of replevin;"

It is not necessary to pursue the matter further in detail, since retention of possession of the truck by the artisan, after the repairs were made, is the controlling point in the case.

Since it was stipulated that the truck be sold and the proceeds turned into court to await the decision of the case, and that defendant did not insist on the return of the truck if the decision should be in his favor, but that he should recover from the fund such amount as he is entitled to in order to satisfy his artisan's lien, it is ordered that the judgment be reversed and the cause remanded with direction that the defendant Cole be paid out of the fund aforesaid, the sum of $180.50 and interest thereon, in satisfaction of his lien on the Diamond T truck and for such further proceedings as may be appropriate, not inconsistent with the views herein expressed.

BRICE, SADLER, and MABRY, JJ., concur.

ZINN, C. J., did not participate.