287 P.2d 992

Inez M. GILBERT, Widow of C. W. Gilbert,
Plaintiff-Appellee,

v.

E. B. LAW AND SON, Inc., a New Mexico
Corporation, and Fireman's Fund Indem-
nity Company, a Corporation, Defendants-
Appellants.

No. 5953.

Supreme Court of New Mexico.

Sept. 14, 1955.

Whatley & Oman, Las Cruces, Stagner
& Sage, Carlsbad, for appellants.

Wm. M. Siegenthaler, Artesia, Neal & Girand, Hobbs, for appellee.

McGHEE, Justice.

The defendant employer and insurance carrier appeal from verdict and judgment awarding plaintiff, the widow of the deceased workman, compensation benefits for his death.

The workman, C. W. Gilbert, was employed by the defendant, E. B. Law and Son, Inc., as a truck driver transporting gasoline to different places from Artesia, New Mexico, where he lived. Shortly after midnight on October 31, 1952, he left Artesia with a truck scheduled for Moriarity, New Mexico. A fellow-employee and truck driver encountered him on this trip at a service station at Encino, New Mexico, some time after dawn. He had the hood up on his truck setting or attempting to set the timing. It was windy and chilly at that time. Gilbert arrived in Artesia from three to six hours late and went immediately to the office of his employer where he reported to the dispatcher that he had had trouble with the truck not running the way it should. He said he had tried two or three times to correct the difficulty and had pulled off to the side of the road and wrapped himself in a blanket and slept for a while waiting until it was morning when he could see to attempt to correct the trouble with the truck. He stated he thought he was catching cold.

After Gilbert had gone to his home he called the office of the employer and reported that he thought he was taking "flu" and asked the dispatcher if some one else could be obtained to take his truck out.

Gilbert remained ill and on November 2, 1952, he was hospitalized in Artesia with illness diagnosed as lobar pneumonia. He showed some improvement after treatment at the hospital and was discharged in about two weeks. His difficulties continued, however, and he was never able thereafter to return to his work. The physician attending him concluded Gilbert had an unresolved pneumonia, that is, a potential lung abscess. This physician saw and treated him until just about Christmas of 1952, when he suggested it would be well for Gilbert to see a specialist. Before this was accomplished Gilbert's condition grew worse and he was again hospitalized in Artesia and sent from there to Albuquerque for possible lung surgery.

Gilbert was hospitalized in Albuquerque and an operation was performed on his chest. It was then learned that he was suffering from carcinoma, or cancer of the lung, which was so far advanced that surgery could be of no help to him. He was returned to Artesia where he died on March 29, 1953.

An accident report was made by the employer after pneumonia was contracted by decedent, and compensation was paid to

him until about the time of his death. Upon defendants' refusal to make further payments, this action was brought.

Trial was had to a jury upon the claim of Gilbert's widow for death benefits under the Workmen's Compensation Act, resulting in verdict and judgment in her favor.

Appellants' chief attack on this appeal goes to the substantiality of the evidence to establish that claimant's decedent suffered injury by *accident, arising out of* and in the *course of his employment,* thereby *occasioning his death.* The italicized matter in the foregoing sentence indicates the portions of the conditions for recovery, as set out in § 59–10–2, 1953 Comp., where the appellants contend the proof is not sufficient. In other words, it is contended that although the decedent suffered injury, in the course of his employment, that there was no "accident" and that in New Mexico the law is or should be that where there is no accident distinguishable as such from an injury, there can be no recovery under our Workmen's Compensation Act. Second, argument is made, going both to the question of "accident" and to the condition, "arising out of the course of employment," that the weather was not unusual or extraordinary where decedent was stopped upon the road for that locality and time of year. Third, argument is made that death resulted from cancer of the lung and that there was not substantial evidence to establish

that even if the decedent contracted pneumonia as a result of his exposure upon the highway that such condition materially aggravated the lung cancer and hastened his death.

Appellee counters with portions of the record of testimony relied upon as substantial evidence that the weather at Encino was windy and cold; that decedent suffered undue exposure and as a result thereof contracted pneumonia; that his death was materially hastened by such disease. That, in short, the decedent did suffer injury by accident arising out of and in the course of his employment resulting in his death. Appellee also contends that it is the law in New Mexico, or should be, that in order for a claimant to obtain compensation benefits there need be no accident separate and apart from the injury sustained.

We do not deem it necessary to recite portions of the record relied upon as substantial evidence to support the award made. We have examined the record with care and are of the opinion jury questions were raised as to whether there was an accident, whether it arose out of the course of employment and whether the injury sustained materially hastened decedent's death. No error is complained of in any of the instructions given the jury in this regard, with two exceptions to be noted hereafter, and there being substantial evidence

to support the verdict of the jury and its answers to special interrogatories, there is no reversible error.

■ There is one matter of evidence, however, which should be considered. That is the act of the employer in making out an accident report and the payment of compensation to the decedent until shortly before his death. These circumstances are relied upon by appellee as an admission against interest by the employer and insurer that an accident occurred and that it was compensable; that such admission constitutes sufficient evidence upon which to predicate award of compensation for injury, and for resulting death as well, when coupled with the evidence of medical witnesses in the case that the injury, pneumonia, would aggravate cancer of the lung and hasten death. The appellants contended in their pleadings that the report and compensation payments were made under a mistaken belief the decedent had contracted pneumonia when he had not done so but was suffering at all times from lung cancer. No evidence was offered by them, however, to show that the payments were made under a mistake of facts.

Appellee's contention is correct. The same proposition was before us in the case of Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615, recently decided by this Court, where we held an employer's admission to an employee that injuries had been sustained in an accident arising out of and in the course of employment was competent evidence to support an award of compensation. Reference is made to that decision and the authorities cited therein for further statement of the rule.

The justice of such rule is peculiarly apparent in the present case where compensation was paid decedent until just before his death. The appellants had opportunity to fully investigate the circumstances of the accident and injury. The effect of payment of compensation benefits would naturally be to lull the injured workman and his family into belief there would be no litigation and, therefore, no need to round up possible witnesses and attempt to preserve evidence to prove the claim, with the result material evidence and the identity of witnesses might never be discovered by an injured workman— especially by his widow in the event of the death of the workman as in this case.

■ As noted heretofore, counsel for both sides in this case have re-argued the question considered at length in the case of Stevenson v. Lee Moor Contracting Co., 1941, 45 N.M. 354, 115 P.2d 342, whether recovery under our Workmen's Compensation Law may be predicated upon injury without antecedent or distinguishable accident to the workman.

While many cases in this jurisdiction have raised facts almost necessitating the

resolution of this question, in each of them, as in this case, there was some unlooked for or untoward event distinguishable from the injury. These cases are: Hathaway v. New Mexico State Police, 1953, 57 N.M. 747, 263 P.2d 690; Aranbula v. Banner Min. Co., 1945, 49 N.M. 253, 161 P.2d 867; Webb v. New Mexico Pub. Co., 1943, 47 N.M. 279, 141 P.2d 333, 148 A.L.R. 1002; Barton v. Skelly Oil Co., 1943, 47 N.M. 127, 138 P.2d 263; Henderson v. Texas-New Mexico Pipe Line Co., 1942, 46 N.M. 458, 131 P.2d 269; Stevenson v. Lee Moor Contracting Co., supra; Christensen v. Dysart, 1938, 42 N.M. 107, 76 P.2d 1.

We said in the Aranbula case [49 N.Mex. 253, 161 P.2d 869]:

"In the Webb case, supra, while it is stated that accidental injuries may arise even without the usually attending factors of narrow limits of time for the beginning and completion of the injury, or without unusual, or extraordinary, conditions of employment not common to others, and, although in the Stevenson case we said that an accident may also include 'an injury which is itself an accident' * * * citing with approval Carroll v. Industrial Comm., 69 Colo. 473, 195 P. 1097, 1098, 19 A.L.R. 107, yet in neither case did we say that there must not be an accident, as distinguished from common occupational, or industrial, sickness or disease."

One of the most important juristic disciplines is that questions be not decided until they are presented (and the writer hopes he may be forgiven for past shortcomings in this regard). The question referred to, not being raised by the facts of this case as we view them, is not the subject of pronouncement here.

Decision is rested upon the following rules established in this jurisdiction:

The term "accidental injury" as used in our Workmen's Compensation Act should be liberally construed in favor of the compensation claimant; "injury by accident" has been construed to mean nothing more than an accidental injury or an "accident" as the word is ordinarily used, and denotes an unlooked for mishap or some untoward event which is not expected or designed; the meaning of "accident" is not limited to sudden injuries, nor is its meaning limited by any time test; the unintended result of an intentional act of the person injured may be an "accident" within the meaning of our compensation act. Aranbula v. Banner Min. Co., Webb v. New Mexico Pub. Co., Barton v. Skelly Oil Co., and Stevenson v. Lee Moor Contracting Co., all supra.

Before an injury may be said to be compensable as "arising out of employment," the accident causing the injury must result from a risk reasonably incident to the employment; a risk common to the

public generally and not increased in any way by the circumstances of the employment is not covered by our act; but it is not necessary that a workman be subjected to an unusual or extraordinary condition, not usual to his employment, for an injury sustained to be termed an accidental one under our law. Webb v. New Mexico Pub. Co., and Barton v. Skelly Oil Co., both supra.

Although a workman may be more readily susceptible to injury than other workmen similarly employed, by reason of a pre-existing physical condition, the question whether the injury is compensable is not affected thereby. Webb v. New Mexico Pub. Co., and Christensen v. Dysart, both supra.

The remaining contention of the appellants under their first point is that it was error for the trial court to refuse to give the following requested instruction:

"You are instructed that under all of the evidence in this case C. W. Gilbert was afflicted with lung cancer which admittedly would inevitably have caused his death; and if you find that his death proximately resulted from such affliction, then, regardless of any other condition or ailment you may believe he might have had, your verdict must be for the defendants."

We agree with appellee that the requested instruction does not correctly state the law in that it ignores the proposition that lung cancer may have been materially aggravated and death accelerated by reason of pneumonia. See 19 A.L.R. 95 and 28 A.L.R. 204, for annotations on this proposition, and the case of Elford v. State Industrial Acc. Commission, 1932, 141 Or. 284, 17 P.2d 568. Furthermore, the jury was given instructions as to the proximate relationship which must be proved between the accident and the injury and the injury and the death, none of which were objected to by appellants. There is no error in this regard.

Appellants' second point objects to the refusal of the trial court to submit the following interrogatories to the jury:

"1. Do you find from a preponderance of the evidence that, on the trip which he made on October 31, 1952, C. W. Gilbert stopped his truck and made minor repairs or adjustments on the engine of his truck?

"2. If you have answered the preceding question 'Yes,' then do you find from a preponderance of the evidence that stopping his truck to make such minor repairs or adjustments on the engine of his truck was part of the normal and expected duties of C. W.

Gilbert in his employment as a truck driver?"

Appellants admit they do not think there is sufficient error in this refusal to constitute reversible error, but suggest the refusal worked to their prejudice so that they did not have a fair trial. We agree there is no reversible error here, nor, as we see it, is there any prejudice. The tendered interrogatories went only to evidentiary matters which were not in dispute, except possible question as to whether deceased was engaged in making minor or major repairs and adjustments to the truck, and as to this issue the jury was properly instructed that it must find and determine the deceased was exposed to the elements in the course of his employment to a greater extent than the ordinary person engaged in the occupation of truck driver in the area. We see no abuse of discretion in the refusal of the tendered interrogatories. Crocker v. Johnston, 1939, 43 N.M. 469, 95 P.2d 214; Larsen v. Bliss, 1939, 43 N.M. 265, 91 P.2d 811.

 Appellants' point three goes to the refusal of the trial court to give their requested instruction No. 1, as follows:

"The cause of the death of the said C. W. Gilbert and any causal connection between his death and an accidental injury he may have suffered in the course of his employment are questions strictly of a scientific nature and to be answered by you on the basis of the expert testimony of the doctors which has been presented."

This requested instruction does not state the law as it exists in New Mexico. In the case of Elsea v. Broome Furniture Co., 1943, 47 N.M. 356, 143 P.2d 572, 582, we said:

"* * * After all, medical testimony, as other expert evidence, is intended to aid, but not to conclude, a court or jury.

"The jury is entitled to rely upon rational inferences deductible from the evidence, whether arising from expert testimony or otherwise."

See also Lemon v. Morrison-Knudsen Co., 1954, 58 N.M. 830, 277 P.2d 542. This is not to say that a jury may arrive at a finding of causation on mere speculation, for there must be some causal relationship established between accident and injury and injury and death. Henderson v. Texas-New Mexico Pipe Line Co., supra. In the present case, in addition to the admissions already noted, there was substantial evidence of causation. The evidence is well summarized by appellee:

"* * * two physicians in the case at bar testified to the effect there was a causal connection between the accident and the death. The other witnesses who testified of necessity ad-

mitted that either they had never seen the patient or that they saw him shortly before death. They all admitted that prior to October 31, 1952, he had none of the classical symptoms of cancer that should have been present if he were suffering from cancer in an advanced stage at that time. * * * The doctors each and every one who testified in the case testified that the causes of cancer, the things that accelerate its growth, the conditions that make one cancer develop rapidly while another takes a slow course and many of the other factors or matters are things about which they know nothing * * *

"Dr. Hamilton diagnosed the case as acute lobar pneumonia from exposure based on the case history. Dr. Womack testified that if the man had lobar pneumonia under the facts as related to him, in his opinion death was materially hastened by the exposure which resulted in pneumonia. The other doctors who testified would at no time admit infectious pneumonia was ever present. * * * but they all admitted that the cause of progress of cancer was as yet unknown to science."

Under appellants' point four it is argued without authority presented therefor that where death results by aggravation of pre-existing disease which would inevitably have produced death, compensation cannot be recovered except for the period of time deceased would have lived absent the aggravation to the pre-existing disease. We believe the authorities cited in consideration of appellants' point one, especially the cases of Webb v. New Mexico Pub. Co., and Christensen v. Dysart, amply show the point must be ruled against appellants. See also Elsea v. Broome Furniture Co., supra.

One other matter is complained of in connection with the action of the trial court in having the jury retire after returning its verdict to reconsider its answers to two special interrogatories which the trial court considered to be inconsistent. This complaint was urged in connection with appellants' motion for a new trial, and they do not contend here that there is any reversible error in this regard, and state that they agree the trial court could in its discretion properly have refused a new trial over such objection. We will not consider the point.

It follows that the verdict and judgment appealed from should be affirmed. Attorneys' fees in the amount of $750 will be awarded to the claimant for services in this Court.

It Is So Ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.