**322 P.2d 707**

Mamie **WHITE**, Widow of Howard N. White, Deceased, Plaintiff-Appellee,

v.

**VALLEY LAND COMPANY**, a Corporation, Employer, and American Employers' Insurance Company, a Corporation, Insurer, Defendants-Appellants.

**No. 6154.**

Supreme Court of New Mexico.

Dec. 2, 1957.

Rehearing Denied March 24, 1958.

Reese, McCormick, Lusk & Paine, Carlsbad, for appellants.

Neal, Neumann & Neal, Carlsbad, for appellee.

KIKER, Justice.

The defendant employer appeals from verdict and judgment awarding plaintiff, widow of the deceased workman, compensation benefits for his death.

The deceased, Howard N. White, was farm foreman for Valley Land Company. On August 7, 1954, he suffered a severe illness and was admitted to Memorial Hospital in Carlsbad. He had experienced a sudden illness in his right chest and upper quadrant of his abdomen. His blood pressure was unobtainable and he was in grave condition for 48 hours. Though several tests were made, the doctor was unable to determine the cause of Mr. White's illness. He apparently recovered after staying in the hospital from August 7, 1954, to September, 4, 1954. After his release he returned to his doctor's office for periodic checkups until December 2, 1954. He returned to work on approximately October 1, 1954, in apparently better health than during the summer but not in as good health as two years earlier.

On February 3, 1955, Mr. White and two helpers were lifting a 200-pound steel beam. The weight of the steel beam shifted and Mr. White twisted his leg sufficiently to make a "knocking noise." He immediately complained of a pain in his left leg and became pale. The steel beam did not fall on Mr. White nor did he fall down. Previously, he had not complained of any pain in the leg.

Mr. White was unable to walk and had to be carried to the car nearby. He was taken to the hospital in Carlsbad where a physician treated him. X-rays taken did not show any fracture. The physician concluded that there had been a muscle strain of the femoris and recommended rest followed by physiotherapy. Mr. White did not improve under this treatment and was unable to walk without the aid of crutches. On April 5, 1955, an orthopedic surgeon made a thorough examination, including

X-rays, from which it was suspected that a cancer of the bone existed. A biopsy of the left leg was performed on April 18, 1955. The specimen of the biopsy was sent to a pathologist whose diagnosis was carcinoma, metastatic, with a suggestion of the kidney, adrenal, or bronchus as the possible primary situs of the lesion.

Mr. White was taken to an Albuquerque hospital on April 27, 1955, where he received X-ray therapy and other treatment until May 31, 1955, when he returned to Carlsbad and was again placed in a hospital there. He remained in this hospital until his death on September 18, 1955.

Trial was had to a jury upon the claim for death benefits by decedent's widow under the Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq. Verdict and judgment were in her favor.

An appeal was taken upon the following points:

(a) The Court erred in overruling the defendant's motion that the case be dismissed and the jury be instructed to direct a verdict in favor of defendant, which motion was made at the close of the plaintiff's case in chief;

(b) The Court erred in overruling the defendant's motion to dismiss and to instruct a verdict in favor of the defendant at the close of all the evidence and before the submission of the case to the jury.

Appellants urge that there was no substantial evidence upon which the verdict could rest. They claim the testimony of the medical witnesses amounts only to possibilities, surmises, and conjectures and not to substantial evidence necessary to support a verdict. Further, the appellants urge that the medical testimony viewed in the most favorable light shows only the possibility of a causal relationship between the admitted accident and the subsequent death and such evidence is insufficient as a matter of law to support a verdict.

Appellants next urge that two of appellee's medical witnesses are in disagreement and that when this happens the burden of proof has not been sustained and verdict based on testimony favorable to plaintiff should be set aside.

Finally, appellants urge that the non-medical evidence surrounding the admitted accidental injury and the sequence of events leading up to and following it are insufficient to prove the causal relationship between such injury and the subsequent death from metastatic carcinoma. They say that the causal relationship must be established by a preponderance of the expert medical testimony.

Appellee counters stating that in workmen's compensation cases the proposition of law that the verdict must rest on probabilities is not altogether true especially in cases such as those involving cancer where the medical profession itself has not obtain-

ed sufficient knowledge and information to be able to definitely determine the cause, aggravation or cure.

Appellee denies that when medical evidence alone viewed in a light more favorable to plaintiff shows only a possibility of causal relation between the admitted accident and the subsequent death of the injured person such evidence is insufficient as a matter of law to support an award. Appellee further denies that there is any contradiction in the testimony of her medical witnesses citing the record to show that when read in toto the testimony is essentially in agreement.

Finally, appellee contends that the causal connection need not be shown soley by the expert medical testimony but may be established by the testimony of lay witnesses as to the circumstances surrounding the accident, both before and after its occurrence.

■■■ Appellants' statement that the verdict must rest upon probabilities and not upon mere speculation, conjecture, surmise, or bare possibilities is a correct statement of the law as applied generally, 20 Am.Jur. 1028, and as applied in New Mexico. Citizens Finance Co. v. Cole, 47 N.M. 73, 134 P.2d 550. This rule applies to workmen's compensation cases as well as to common law cases. The beneficent purpose of the workmen's compensation acts is kept in view, however, by courts and administrative bodies alike, in such cases, and liberality of construction as to the weight and sufficiency of the evidence is indulged. In Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342, 345; Webb v. New Mexico Publishing Co., 47 N.M. 279, 141 P.2d 333, 148 A.L.R. 1002; Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903, and other cases this Court has held:

"We are committed to the doctrine that our Workmen's Compensation Acts should be construed liberally in favor of claimant."

■■■ It is not the purpose of this Court to review all of the evidence presented in the court below; but when the question on appeal is whether the court below should have directed a verdict, we must consider whether there was evidence or permissible inference from evidence admitted to support a verdict for plaintiff. Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405.

Mr. White was afflicted with cancer possibly as early as August 7, 1954. He suffered the accident by way of twisting his leg on February 3, 1955. During the subsequent period he either used crutches or was confined to bed. In the latter part of April, 1955, cancer was discovered in the left leg of Mr. White. The primary situs of the lesion was possibly elsewhere. On September 18, 1955, Mr. White died. The medical testimony in effect established that he had cancer before the admitted accident. It establishes further that the spread of the

cancer to the left leg and the hastening of death possibly resulted from the admitted accident. Medical testimony goes no further than establishing this as a possibility. Other witnesses testified that until the admitted accident Mr. White appeared to be in good health following his recovery from the sudden illness suffered in 1954 though he was in better health before he suffered that illness. Subsequent to the twisting of his left leg Mr. White was unable to return to his employment. For a period he used crutches and for another period he was confined to his bed. There was no direct testimony that the admitted accident either had or had not resulted in hastening Mr. White's death. The most that can be said is that the medical testimony established that the trauma possibly aggravated the pre-existing cancer.

■ The general rule as stated in 20 Am.Jur. § 1211.1 (Pocket Parts) is that when the mere possibility of causal connection between the accident and the injury is shown by the medical testimony standing alone, that evidence of itself is insufficient to establish the relationship. This is true when the medical testimony is in terms of "maybe" or "possibly."

In the earlier cases represented by In re Green's Case, 1929, 266 Mass. 355, 165 N.E. 120, 73 A.L.R. 476, it was held that to recover plaintiff must show a causal relationship by medical testimony. The recent trend is to consider the medical evidence as desirable but not essential. Walker v. Hogue, 1947, 67 Idaho 484, 185 P.2d 708; Blue Diamond Coal Co. v. Neace, 1946, 303 Ky. 519, 198 S.W.2d 223; Ballenger v. Southern Worsted Corp., 1946, 209 S.C. 463, 40 S.E.2d 681; Atlantic Steel Co. v. McLarty, 1946, 74 Ga.App. 300, 39 S.E.2d 733; Bethlehem Steel Co. v. Ziegenfuss, 1946, 187 Md. 283, 49 A.2d 793; Associated Employers Lloyds v. Self, Tex.Civ.App. 1946, 192 S.W.2d 902; Poston v. Southeastern Construction Co., 1946, 208 S.C. 35, 36 S.E.2d 858; Black Mountain Corp. v. Williams, 1946, 301 Ky. 784, 193 S.W.2d 416.

■■ In Gilbert v. E. B. Law & Son, Inc., 60 N.M. 101, 287 P.2d 992, this Court cited the earlier case of Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572, 582, wherein it was said:

"* * * After all, medical testimony, as other expert evidence, is intended to aid, but not to conclude, a court or jury.

"The jury is entitled to rely upon rational inferences deducible from the evidence, whether arising from expert testimony or otherwise."

This is not to change the existing rule that a verdict may not be awarded upon anything more than mere speculation. There must still be the causal relationship between the accident and the injury com-

plained of. But such relationship need not be shown by uncontradicted, indisputable medical evidence. Gilbert v. E. B. Law & Son, Inc., supra; Teal v. Potash Co. of America, 60 N.M. 409, 292 P.2d 99. Currently the stress is put on the sequence of events. When the evidence indicates that there is an injury and shortly thereafter the injured person dies of an apparently related cause, such evidence is permitted to go to the jury for a determination by it as to whether the required causal relation exists. This is true in spite of the lack of medical evidence, convincing of and in itself, that the connection exists.

■ Where the lower court found that the entire body of plaintiff's evidence constitutes sufficient to raise a permissible inference which would support a verdict for the plaintiff, then the court was correct when it refused to direct the verdict for the defendant either at the close of plaintiff's case, or at the close of all the evidence before the case was given to the jury.

Cancer is as yet a comparatively unknown disease in the medical profession. There would never be a recovery in a cancer case if recovery were dependent upon a positive statement that trauma and the spread of cancer are connected. So, too, in the instant case it would seem that no positive statement could be made in view of the knowledge now possessed by the medical profession. Indeed, one witness, Dr. John F. Boyd, stated that:

"We know of no relationship between trauma, that is, injury, and cancer. Primarily, this is because we don't know the etiology of cancer."

■ Medical men are justifiably reluctant to make a definite statement as to the relationship in view of the fact that they have no actual knowledge at the present time on which such a statement could in all good conscience be made. Aggravation of cancer or other disease may be inferable despite the lack of medical evidence establishing indisputable causal connection between trauma and spread of pre-existing cancer whenever the sequence of events is so strong as to establish a causal connection. See the well written opinion of Mr. Justice Capotosto in Valente v. Bourne Mills, 1950, 77 R.I. 274, 75 A.2d 191.

■ Though no positive statement can now be made as to the causal connection by the medical witnesses, the court was correct in sending the case to the jury on the basis of the medical testimony, such as it was, and the lay testimony as to the events surrounding the accident both before and after it happened. It was for jury determination as to whether there was a natural sequence of events which indicate a causal connection. Whether there is enough evidence to have the jury make this determination in

the first instance is a question for the court to determine in the face of the motion to dismiss made by the defendant. Since it appears that there was such evidence this Court must sustain the lower court in leaving the determination of fact to the jury.

Appellant contends that the medical testimony of two of appellee's witnesses, Drs. Boyd and Sullivan, disagrees and in consequence thereof appellee has failed to sustain the burden of proof. Upon reading the transcript from the court below it appears that the testimony in question is not essentially in disagreement. Neither witness testified that the accident hastened Mr. White's death. Dr. Sullivan stated in essence that the injury aggravated Mr. White's medical condition, although he could not state that the pre-existing cancer was aggravated. Dr. Boyd stated that he could not say cancer was aggravated by trauma because the medical profession did not have that information at this time, but that the aggravation was quite possible. We find that, essentially, these witnesses agreed upon the points concerning which they were both questioned. Both stated that trauma possibly can aggravate cancer. Neither could say that Mr. White's death was hastened by the accident. Finding that the testimony is essentially in agreement, we find, therefore, that the record does not sustain appellants' contention of conflicting testimony.

Finding no error in the particular complained of, the judgment of the trial court will be affirmed. Plaintiff will be allowed $750 attorney's fees and the judgment will be affirmed with that addition.

It is so ordered.

LUJAN, C. J., and COMPTON, J, concur.

SADLER and McGHEE, JJ., dissenting.

SADLER and McGHEE, Justices (dissenting).

We do not question the declaration in the prevailing opinion that medical testimony is not indispensable to recovery in a workmen's compensation case. We have so held on more than one occasion. Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Teal v. Potash Co. of America, 60 N.M. 409, 292 P.2d 99. What we do say with emphasis is that a recovery can not be sustained in any event, with or without medical testimony, unless causal connection between the accident and the injury, or death, be shown by substantial evidence. An award may not properly be upheld if it has nothing more to support it than speculation and guesswork. Such is the nature of the testimony in the record before us leading to the judgment under review.

The chief case relied upon by counsel for plaintiff is Teal v. Potash Co. of America, supra. However, it furnishes no authority

whatever for the broad jump necessary from support for a finding that overexertion produced a heart attack, as in the Teal case, a result so frequent as to make its occurrence almost commonplace, to a like finding that a strain or blow caused or aggravated a cancer or malignancy. This is to speak on a scientific subject about which the medical profession, admittedly, knows little or nothing. We need no greater support for this assertion than to quote statements from the majority opinion, itself.

"The medical testimony in effect established that he had cancer before the admitted accident. It establishes further that the spread of the cancer to the left leg and the hastening of death *possibly* resulted from the admitted accident. *Medical testimony goes no further than establishing this as a possibility.* * * * The most that can be said is that the medical testimony established that the trauma *possibly* aggravated the pre-existing cancer." (Emphasis supplied.)

It may seem somewhat ironical that the writer of this dissent was author of the court's opinion in the Teal case where we ruled against the same contentions here made by present counsel for claimant, appearing there for the defendant. Indeed, Mr. Justice McGhee, who joins in this opinion deemed the facts in the Teal case not to afford substantial evidence and filed a strong dissent. But the majority thought otherwise. He agrees with the writer, however, that the facts of the case at bar are even less calculated to take the case out of the realm of speculation, as he, no doubt, would wish to put it, than were the facts of the Teal case.

A fair sample of the type of medical testimony adduced in this case may be given. At the time, counsel on cross-examination was endeavoring to draw from Dr. McIntire an admission that the trauma testified to had either caused, or accelerated, the cancer. It follows:

"Q. And when you say that is very possible that it occurred, or very probable that it occurred, it is just as probable that it accelerated from the injury, is it not?

"A. Not in my opinion.

"Q. But it is possible, in your opinion?

"A. Anything is possible."

If the judgment in this case can be upheld, we assert without fear of successful contradiction, there is not an ailment in the whole category of diseases known to the medical profession that may not become the basis of a workmen's compensation award on the theory it presents an issue before the jury or trial judge; provided only, disability, or death from it, occurs at

such time in relation to the accident as not to render absurd the claim it hastened same.

This Court would be called upon to indulge in as much speculation to sustain this judgment as it was asked to exercise in the case of Campbell v. Schwers-Campbell, Inc., 59 N.M. 385, 285 P.2d 497. There, as here, we could only guess the essential fact indispensable to recovery, namely, that the decedent's auto journey near midnight was on an errand connected with his business. It was *possible* that it did but we had no evidence upon which to base a finding such was the case. So, here, it is *possible* the trauma suffered by decedent bore a causal relationship to the progress of the cancer, but there is no testimony, medical or otherwise, that does not take one into the realm of speculation, to justify a finding such is the case.

We regret we are unable to concur in the prevailing opinion. In all good conscience, however, tested by sound reason and logic, we can not subscribe an opinion that opens up to a court or jury as issuable a major portion, if not all, human ailments as subject to aggravation or acceleration through the agency of an accident, so long only as the injury or death arose out of a covered employment and the accident is not so far removed therefrom as to make the mere lapse of time repudiate the claim as phony.

Our brethren being able to see in the record something of a substantial character,

which they feel rises above the plane of sheer speculation, are disposed to affirm the judgment.

We are unable to embrace any such conclusion. Accordingly,

We Dissent.