397 P.2d 312

**Pedro MASCARENAS, Plaintiff-Appellee,**

**v.**

**J. L. KENNEDY, Contractor, and Peerless Insurance Company, Defendants-Appellants.**

**No. 7466.**

Supreme Court of New Mexico.

July 20, 1964.

Rehearing Denied Dec. 8, 1964.

Catron & Catron, John S. Catron, Santa Fe, for appellants.

Edwin L. Felter, Santa Fe, for appellee.

NOBLE, Justice.

J. L. Kennedy, the employer, and Peerless Insurance Company, his insurance carrier, appellants, have appealed from a judgment awarding claimant, Pedro Mascarenas, appellee, total permanent workmen's compensation benefits with a ten per cent penalty increase because of the employer's failure to furnish a safety device.

Appellants attack the court's findings and conclusions and, in turn, the judgment upon the ground that the trial court applied an erroneous principle of law in arriving at its findings of fact and conclusions of law, as is evidenced by conclusion 6(a), which reads:

> "Liberality of construction as to the weight and sufficiency of the evidence is properly indulged in Workmen's Compensation cases. White v. Valley Land Co., 64 N.M. 9 [322 P.2d 707]."

White v. Valley Land Co., 64 N.M. 9, 322 P.2d 707, in a divided opinion, said that:

> " * * * liberality of construction as to the weight and sufficiency of the evidence is indulged. * * *"

Lucero v. C. R. Davis Contracting Co., 71 N.M. 11, 375 P.2d 327, repeated the rule of construction.

We are firmly committed to the doctrine that the Workmen's Compensation Act is remedial legislation and must be

liberally construed to effect its purpose. Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680; Armijo v. Middle Rio Grante Conservancy District, 59 N.M. 231, 282 P.2d 712; Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365; Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000; Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342. However, we have re-examined the decisions of this court relied upon in support of the liberal construction rule announced in White and Lucero. Our reappraisal convinces us that the cases relied upon did not extend the doctrine of liberal construction to the weight or sufficiency of the evidence. We think that not only our own decisions, other than White and Lucero, but reason and the great weight of authority support the view that the liberal construction of the Workmen's Compensation Act applies to the law, not to the evidence offered in support of a claim under the law. The rule of liberal construction does not relieve a claimant of the burden of establishing his right to compensation by a preponderance of the evidence, nor does it permit a court to award compensation where the requisite proof is absent. Ehman v. Department of Labor and Industries, 33 Wash.2d 584, 206 P.2d 787; Scott v. Roy O. Martin Lumber Co., 116 So.2d 726 (La.Ct.App.); Dworak v. City of Omaha, 172 Neb. 209, 109 N.W.2d 160. The rule of liberal construction in workmen's compensation cases announced in White v. Valley Land Co., supra, and Lucero v. C. R. Davis Contracting Co., supra, is expressly overruled insofar as it conflicts with the rule here announced.

Appellants argue that the rule as to the weight to be given the evidence in workmen's compensation cases, announced in White, has undoubtedly colored the approach of every trial judge in determining the facts in workmen's compensation cases since that decision, and that the specific inclusion of the rule in the court's conclusions in this case makes it apparent that such liberality of construction was indulged in this case to appellants' obvious prejudice. While reluctantly conceding that the evidence substantially supports the findings and conclusions made by the trial court, appellants argue that the facts would likewise support, and the trial court might well have found facts and made conclusions more favorable to them, had the court not been influenced by application of the liberal construction rule to the evidence.

It is true that there are conflicts, particularly in the medical testimony, but we have carefully reviewed the record and are convinced that there is substantial support in the evidence for the findings and conclusions made by the trial court without indulging the liberality of construction complained of. That being true, the fact that there may have been contrary evidence which would have supported a dif-

ferent finding or conclusion does not permit this court, on appeal, to weigh the evidence, Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681; Addison v. Tessier, 65 N.M. 222, 335 P.2d 554, or speculate as to what the trial court might have done. Even though conclusion 6(a) was clearly erroneous for the reasons discussed, since the findings of fact upon which the final judgment is based are supported by substantial evidence without applying the liberal construction rule, the final judgment was correct, notwithstanding the court's misconception of the law upon which the judgment should have been based, Schmitz v. New Mexico State Tax Commission, 55 N.M. 320, 232 P.2d 986. And, a judgment will not be reversed even though an erroneous rule may have been applied to the weight to be given the evidence where, as in this case, the evidence substantially supports the findings without applying the erroneous rule. See Evans v. Evans, 44 N.M. 223, 101 P.2d 179; Douglass v. Mutual Ben. Health & Accident Ass'n., 42 N.M. 190, 76 P.2d 453.

 Appellants' contention that Kendrick v. Gackle Drilling Co., 71 N.M. 113, 376 P.2d 176, requires a determination of claimant's average weekly wage under the provisions of § 59–10–12(M) (3), N.M.S.A. 1953, rather than by the formulae of § 59–10–12(M) (2) (d) is without merit. A determination of an employee's average weekly wages by some method other than the formulae was said in Kendrick to be permitted under § 59–10–12(M) (3) only when the trial court found as a fact, based upon substantial evidence sufficient to justify resort to that provision, that his average weekly wage could not fairly be determined by one of the formulae set out in § 59–10–12(M) (2). In this case, the trial court refused to find that claimant's average weekly wage could not be fairly determined by one of the formulae provided in that section. No evidence has been pointed out to us which required the court, as a matter of law, to so find. Kendrick does not, as claimed by appellants, require the employee's prior earnings as disclosed by income tax returns to be used as the sole basis of determining average preinjury weekly wage. The workmen's compensation statute provides that compensation payments shall be determined by arriving at the difference between the employee's earning ability before and after the injury, not upon a loss of earnings or income caused by the accident. Kendrick v. Gackle Drilling Co., supra, and cases there cited. Although Kendrick held that the injured employee's earnings over a prior period, as reflected by income tax returns, were proper, nevertheless, that is true only when the court finds use of § 59–10–12(M) (3) necessary, or where, as there, resort to that method was had by the trial court and the undisputed evidence justified resort to that method.

■ The trial court found that a metal or plastic helmet is a reasonable safety device generally provided by employers for the protection of workmen who work near overhead swinging cables, hooks or machinery such as in the present case, and that the employer failed to provide such safety device. Such failure requires a compensation award to be increased by ten per cent. Sec. 59–10–7, N.M.S.A.1953. A careful examination of the record leads us to the conclusion that the finding has substantial support in the evidence. In addition to testimony that such protective hats are in general use in the industry, a doctor testified that in his opinion such a protective hat, if worn, would have protected claimant from the injury. We find no error in the increased award. See Apodaca v. Allison & Haney, 57 N.M. 315, 258 P.2d 711; Briggs v. Zia Company, 63 N.M. 148, 315 P.2d 217; Romero v. H. A. Lott, Inc., 70 N.M. 40, 369 P.2d 777.

■ There is complaint that excessive attorney fees were allowed. The amount of the fees to be fixed and allowed by the court is discretionary. We cannot say that the court abused its discretion in the allowance of attorney fees in this case.

The sum of $750.00 will be allowed appellee as attorney fees in this appeal.

The judgment appealed from should be affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

PER CURIAM.

This cause coming on before the court on motion for rehearing, and the court having considered said motion and the briefs of counsel, and being sufficiently advised in the premises, it is ordered that said motion be and the same is hereby denied.

It is further ordered that the appellee, Pedro Mascarenas, be and he hereby is awarded an additional fee of $200.00 as and for his attorneys' fees on said motion for rehearing, said attorneys' fees to be in addition to any other attorneys' fees heretofore awarded on appeal.

It is so ordered.