663 P.2d 1203

**Eloy J. GARCIA, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, Defendant-Appellee.**

**No. 6041.**

Court of Appeals of New Mexico.

May 12, 1983.

Mark S. Jaffe, Asst. City Atty., City of Albuquerque, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

Plaintiff's appeal in this worker's compensation case is frivolous. *See Crumpton v. Humana, Inc.,* 99 N.M. 562, 661 P.2d 54 (1983). We (1) identify procedural problems; (2) answer the issues presented; and (3) then refer the matter to the Disciplinary Board for appropriate proceedings.

*Procedural Problems*

(a) After trial, both parties submitted requested findings and conclusions. The record does not show that the trial court took any action in connection with defendant's requests. Its "Decision" reads: "The Court finds and concludes, as set out in the attached sets of requests." Attached thereto is plaintiff's requested findings and conclusions. With one exception, the trial judge wrote "Adopted", "Refused", "Refused; evidence" or "Adopted as changed" alongside each of plaintiff's requests.

The trial court violated NMSA 1978, Civ. P.R. 52(B)(1)(e) and (g) (Repl.Pamp.1980); *Moore v. Moore,* 68 N.M. 207, 360 P.2d 394 (1961). There was a similar violation in *Covalt v. High,* (Ct.App.) No. 5881, decided by memorandum opinion on March 3, 1983. In *Covalt* we remanded for findings and conclusions in compliance with the rule. We do not follow that procedure in this case. Because the appeal is frivolous, we decide it at this time.

(b) The one exception to the procedure discussed above was Finding No. 28. It is in the trial judge's handwriting and states: "Plaintiff's disability is result of his condition prior to Feb[ruary] '81 accident; no disability as a result of the Feb[ruary] '81 accident." Prior to the "Decision" discussed above, the trial court, by letter, informed counsel of its views. The letter is not in the appellate record. Plaintiff

James G. Chakeres, Albuquerque, for plaintiff-appellant.

moved for reconsideration of the letter decision. There is an unsigned order in the record denying the motion to reconsider; however, it is not disputed that reconsideration was denied. The order denying reconsideration states: "The Court's finding # 28 is amended as stated in the record at the 10–12–82 hearing." The trial court did initial this statement.

Plaintiff's request to the court reporter for a transcript of proceedings did not ask for a transcription or tape of the hearing on October 12, 1982; the request went only to hearings on August 26–27, 1982.

The brief-in-chief states: "Plaintiff challenges the Court's Findings of Fact No. 28 . . . as well as the Judge's amendment of No. 28." Plaintiff had the burden of presenting a record sufficient to review his appellate contentions. The amendment to Finding No. 28 not being before us, it cannot be reviewed. *See State v. Duran,* 91 N.M. 756, 581 P.2d 19 (1978).

Inasmuch as all issues presented pertain to disability resulting from an accident in February 1981, we proceed on the basis of Finding No. 28—that no disability resulted from that accident.

(c) Plaintiff contends the "no disability" finding is not supported by the evidence. His brief-in-chief does not refer to evidence of no disability, only to evidence that plaintiff asserts shows disability. NMSA 1978, Civ.App.R. 9(d) (Cum.Supp.1982), states: "A contention that a . . . finding of fact is not supported by substantial evidence will not ordinarily be entertained unless the party so contending shall have stated in his initial brief the substance of all evidence bearing upon the proposition . . . ." Plaintiff violated this rule. *Henderson v. Henderson,* 93 N.M. 405, 600 P.2d 1195 (1979). The insufficient evidence claim is not entitled to consideration; we answer it because it shows the frivolity of this appeal.

(d) NMSA 1978, Civ.App.R. 18(c), states that a party may request oral argument at the time of filing the first brief addressed to the merits. Plaintiff filed such a request; it was included in the brief-in-chief between the conclusion and the certificate of service. Our clerk's office would have known of this request only if one of the employees in the clerk's office had read the brief. Such reading is not their function. However, oral argument is unnecessary. *Genuine Parts Co. v. Garcia,* 92 N.M. 57, 582 P.2d 1270 (1978).

*The Issues Presented*

Plaintiff, employed as a truck driver-laborer, had a history of back trouble; he had had two laminectomies. On February 19, 1981, plaintiff was injured in a traffic accident while driving his truck on the job. Plaintiff had back and neck complaints which were treated by Dr. Benson, an orthopedic surgeon. Defendant paid the medical bills to August 1, 1981, and paid compensation benefits from February 19, 1981 until May 3, 1981.

(a) Plaintiff returned to work in May 1981. Plaintiff's brother was killed in September 1981. Plaintiff began drinking so heavily that he could not properly perform his work; he conceded at trial that the drinking problem and the death of his brother led to his resignation from his job in October 1981. This resignation occurred at a hearing inquiring into alleged misconduct on the part of plaintiff. The alleged misconduct involved improper use of the employer's vehicle, an alleged accident and drinking on the job.

■ Plaintiff contends the trial court erred in admitting evidence of his heavy drinking and alcohol-related problems, including the alleged misconduct being investigated when plaintiff resigned from his employment. Plaintiff states: "[T]here was no evidence that illness or alcoholism had precipitated the Plaintiff's disability."

Plaintiff had a physical impairment at the time of trial. The trial court found he had a disability within the meaning of the compensation statute. "Disability" was an issue being tried. The cause of any disabili-

ty was also an issue being tried. The alcohol and misconduct testimony went directly to the cause of plaintiff's resignation which, in turn, was relevant to the cause of disability issue. NMSA 1978, Evid.R. 401. Plaintiff refers us to what he terms a "general rule" that "evidence of intoxication at the time of the injury is ordinarily no defense, unless such was the sole cause of the injury." The irrelevancy is in plaintiff's argument; there was no issue concerning intoxication at the time of the February 1981 accident.

(b) Plaintiff contends "there was substantial evidence in the record as a whole to support an award of permanent total disability." This is another irrelevant argument. The trial court found a disability, but found no causation. The issue is whether there is evidence to support the trial court's finding of no disability from the February 1981 accident, and not whether it could have found otherwise. *See Cardenas v. United Nuclear Homestake Part.*, 97 N.M. 46, 636 P.2d 317 (Ct.App. 1981).

(c) Plaintiff asserts that any doubt in the trial court's mind as to the weight and sufficiency of the evidence "should have been weighed in the plaintiff's favor." This argument is presented on the basis that the Compensation Act must be liberally construed, and the rule of liberal construction applies to the weight and sufficiency of the evidence.

Plaintiff cites *White v. Valley Land Company*, 64 N.M. 9, 322 P.2d 707 (1957), in support of his argument. Plaintiff omits any reference to *Mascarenas v. Kennedy*, 74 N.M. 665, 397 P.2d 312 (1964), which held that the rule of liberal construction did not apply to the weight or sufficiency of the evidence, and that *White v. Valley Land Company, supra*, was overruled to the extent it was to the contrary. *Mascarenas* states:

[L]iberal construction of the Workmen's Compensation Act applies to the law, not to the evidence offered in support of a claim under the law. The rule of liberal construction does not relieve a claimant of the burden of establishing his right to compensation by a preponderance of the evidence, nor does it permit a court to award compensation where the requisite proof is absent.

■ Plaintiff had the burden of persuading the trial court that his disability resulted from the February 1981 accident. *Mayfield v. Keeth Gas Company*, 81 N.M. 313, 466 P.2d 879 (Ct.App.1970). Plaintiff did not meet that burden.

■ (d) NMSA 1978, § 52–1–28(B), states: "In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony."

The trial court refused plaintiff's requested finding, which reads: "That the undisputed medical testimony was that the accident of February 19, 1981, was the direct and natural cause of plaintiff's disability from performing his previous work." Instead, the trial court found there was no disability as a result of the February 1981 accident. Plaintiff contends the trial court erred in refusing his requested finding and in the finding made.

This issue involves the sufficiency of the medical testimony to support the finding of no causal connection. *See Gammon v. Ebasco Corporation*, 74 N.M. 789, 399 P.2d 279 (1965). Plaintiff claims the medical testimony established the requisite causal connection. He describes this medical testimony as "uncontroverted"; "uncontradicted"; and "undisputed". The claim is false. The testimony of Dr. Benson demonstrates the falsity of plaintiff's contention.

Dr. Benson saw plaintiff immediately after the February 19, 1981 accident and was plaintiff's treating physician through May 11, 1981. By that date all neck and back pain ceased. Plaintiff, an obese man, had gained weight but had a full range of mo-

**750**

tion and no pain. Plaintiff returned to work.

Dr. Benson next saw plaintiff in December 1981. Plaintiff reported that he had been doing well until his brother was shot, after which he began drinking and putting on more weight. His complaints of back pain started with the drinking and weight gain.

Dr. Benson opined that plaintiff had the same physical impairment as he had prior to the accident in February 1981, that plaintiff had recovered from the effects of the February 1981 accident by May 1981, that the recurrence of back complaints was due to weight gain, and that the February 1981 accident was not a factor in the present back pain.

Dr. Benson's testimony is substantial support for the trial court's finding.

*Reference to the Disciplinary Board*

NMSA 1978, Code of Professional Responsibility; Canons and Disciplinary Rules, Judicial Pamphlet 11, (Repl.Pamp.1982), states in Rule 7–102(A)(2) and (5) that a lawyer shall not: (a) knowingly advance a claim that is unwarranted under existing law, with an exception not advanced in this case; and (b) knowingly make a false statement of law or fact.

Plaintiff's attorney, James G. Chakeres, has advanced claims unwarranted under existing law and has made false statements to this Court as to the facts.

The judgment denying compensation is affirmed. By a copy of this opinion, the matter is referred to the Disciplinary Board (*see* NMSA 1978, Supreme Court Rules Governing Discipline and Disciplinary Board Revised Rules of Procedure, Rule 5, Judicial Pamphlet 12, (Cum.Supp.1981)) for appropriate disciplinary proceedings. The Clerk of the Court of Appeals shall make available to the Disciplinary Board this Court's files, including the appellate record, at the request of the Disciplinary Board.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.